### James E. Stewart *v.* J. C. Potts, Sheriff.

1. Habeas Corpus—Tax on Privileges—Lawyers.—The act of the Legislature, approved April 6, 1874, amendatory to § 1747, of the Code of 1871, is constitutional, as also § 1750, of the Code. The constitutionality of the tax imposed is well settled. This right has been directly exercised by the Federal government, and its equivalent has been practiced by this State ever since its organization. The same may be said of every other State in the Union. If the tax is inexpedient or excessive, the remedy is at the ballot box.

Appeal from the chancery court of Alcorn county, at Chambers. Hon. A. E. Reynolds, Chancellor.

The only question in this case arose on a writ of *habeas corpus*, which was obtained by James E. Stewart to be released from imprisonment; and in his petition alleged that he was illegally held in custody by J. C. Potts, the sheriff of Alcorn county. The sheriff answered that he holds and detains the said James E. Stewart by virtue of a warrant issued by W. H. Dodson, an acting justice of the peace in and for said county and State, issued on the 2d day of May, 1874.

A motion was made to discharge the prisoner; the motion was overruled, and the prisoner remanded to the custody of the sheriff, and the case comes to this court upon a writ of error.

*Curlee & Stanly, and Whitfield & Young*, for plaintiff in error,

Argued the case orally, and filed an elaborate brief, citing the following authorities: Code of 1871, §§ 1747, 1748, 1750, Act of April 6, 1874; Bank of Commerce v. N. Y. City, 2 Blackf., 631; Weston *et al.* v. City of Charleston, 2 Peters, 466; *Ex parte* Garland, 4 Wallace, 379; 22 New York, 81; Const. of Miss., Art. 12, § 20; Const. of Tenn., Art. 2, § 28; Southern Law Review for April, 1874.

*G. E. Harris*, Attorney General, for defendant in error,

Argued the case orally, and filed a brief, citing the following authorities: Revised Code, 1871, §§ 1747, 1748, 1750,

Act of April 6, 1874; Const. Miss., Art. 12, §§ 13–20; Cooley's Const. Lim., 474; Act of Congress, July 2, 1862; January 24, 1865; July, 1865; *Ex parte* Garland, 4 Wallace, 378; 2 Peters, 466; McCullock v. Maryland, 4 Wheaton, 428.

TARBELL, J., delivered the opinion of the court:

*Habeas corpus* to release and discharge the plaintiff in error from arrest after conviction, under section 1750 of the Code. Stewart is an attorney at law, holding a license in accordance with the laws of Mississippi. By the act of the legislature, approved April 6, 1874, a tax of $10.00 is levied upon practicing lawyers, as a tax upon privileges, and this is made an amendment to section 1747 of the Code. By section 1750, the exercise of this privilege, without first paying the tax, is made a misdemeanor, and upon conviction before a justice of the peace or other court of competent jurisdiction, the party violating these statutes is subjected to fine or imprisonment, or both, in the discretion of the court. The plaintiff in error was prosecuted and convicted before a magistrate, for a violation of the foregoing statutes, and being in the custody of the sheriff, upon process issued upon such conviction, prayed out the writ of *habeas corpus* before the Chancellor of the 8th judicial district, who, after hearing the facts and the arguments, remanded the party to the custody of the sheriff. Hence a writ of error. The only question made before the Chancellor, and the only one submitted to this court, is as to the constitutionality of the tax. This question is considered too well settled to require discussion. This right has been directly exercised by the Federal government, and its equivalent has been practiced by this State ever since its organization. The same may be said of every other State in the Union. If the tax is inexpedient, or excessive, the remedy is at the ballot box.

Referring, therefore, to the practice of the Federal and State governments, including our own, and to numerous authorities, the constitutionality of the tax involved, is sustained, without further discussion.

The action of the court below is affirmed.