Me. Justice ‘Westoott
delivered the opinion of the court.
In the absence of a petition of appeal in this case, we must look for the grounds upon which a reversal is sought to the bill filed. If it states distinctly the grounds upon which the equity sought to be enforced is claimed to exist, and properly presents the questions involved as arising out of the facts stated, no injustice can be done in treating the question as there presented by the plaintiff.
Uo question as to whether the matter presented is the subject of equitable jurisdiction is raised by either party. The question presented by the case as stated is, has the Legisla? ture the power to tax the pursuit, the avocation of a “lawyer,” notwithstanding his previous admission to practice in the several courts of this State under the statutes of this State regulating that subject.
The appellant claims that such a tax is unconstitutional, and in derogation of his vested rights as an attorney.
The solution of this question involves the consideration of two general subjects:
First, The nature and extent of the power of taxation, it being clear that the power to tax, in so far as it exists, is in the Legislative department of the government.
Second, Is the avocation of an attorney a pursuit or business the following of which may be made the subject of a special license tax in this State? Is the imposition of such tax within the power of the Legislative department of the government of this State as properly defined? The power to tax is legislative in its character. It in no -sense belongs to either the Executive or Judicial departments of the government. This power in the Legislature is unrestricted, except where it meets an organic limitation; such limitation must be found either in the Constitution of the United States or of this State, and must be by virtue of an express limitation to that effect, or must be clearly and plainly implied from some provision of the Federal or State Constitution.
The power to tax is one of the essential elements of sovereignty, much more essential, if such a comparison can be made, than the power to punish crime, to regulate descents, or other like admitted subjects of legislative action.
Chief Justice Marshall says this power is an inéident of sovereignty, that it is co-extensive with that to which it is incident; that all subjects over which the sovereign power of a State extends are objects of it, and that the only security against its abuse is the power of the constituents upon whom it acts. (4 Wheat., 428-9.)
Thus disposing of this question, for we see no necessity for saying more in reference to it, we reach the only remaining question involved in the case. That question is: Is the avocation of an attorney a pursuit or business, the following of which may be made the subject of a special license tax in this State. Is there any such limitation upon the general power of taxation vested in the Legislature as prohibits such legislative action?
The only provisions relating specially to taxation, under which we conceive a claim of exemption can be founded, are Sections 1 and 6 of Article XII.
Section 1 of Article XII. is as follows:
“The Legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes.” Section 6; after limiting ,the purposes for which counties and towns may levy a tax, and prescribing the rule of taxation, authorizes the Legislature to provide for levying a special capitation tax and “tax on license’s.”
The limitations contained in the first section do not refer to the occupation or business of an attorney. The uniform ruling of the courts, so far as we have been able to ascertain, is that the term property as used in this section does not include a business calling or occupation as distinct from the property or capital employed in it. (49 Ga., 200; 42 Ga., 596.) We presume no claim of a serious character will be made to exemption under the limitations of this clause, and we therefore proceed to the consideration of the clause in. section six. Construing that clause literally, its effect would be to authorize the levying of a tax upon licenses granted, and if an attorney belongs to a class who exercises his avocation under and by virtue of a license, his occupation would be included within its terns. This, however, we do not think is the proper construction. License, fees or amounts required.,to be paid to follow any particular employment are levied for two purposes, viz: for revenue, and as a means of controlling Or limiting the exercise of some particular avocation, in other words,, as a police regulation. We think the purpose of the framers of the Constitution was by this clause to vest in the Legislature, by a specific and express grant, independent of or in addition to its general power to tax, the power to tax any avocation or business by way of requiring a license tax for its exercise. So far as this clause is concerned, we think the Legislature unrestricted in its power to tax by way of license fees, and that it may so tax either as a police regulation to restrain any particular pursuit or for the purposes of revenue.-
The plaintiff in this case insists in his bill that the levy of this tax is in derogation of his vested rights as an attorney.
*50 I21 the language of the Court of Appeals of Virginia, (23 Grattan, 469-470,) "a lawyer’s license authorizes him to practice law in any court of the commonwealth.. It is a vested civil right, yet it is as properly a legitimate subject of taxation as property to which a man has a vested right. I cannot perceive that there would' not be as much reason for saying that a man’s property was not taxable because he has a vested right to it, as for saying that a lawyer’s license is not taxable because he has a vested right to it.”
The matter of regulating the admission of persons to practice law is the subject of legislative action and control. At common law the courts had no power to admit attorneys or counsellors. (12 Fla., 281.) Their duties are of such character that in order to secure proper qualification for their discharge the Legislature imposes the duty of examination and determination upon the courts. The only difference between this pursuit and that of any other for which a license is required, is that a qualification looking to competency is required in one, and the right independent of qualification is in the other. Because the law prescribes certain methods by which the existence of the qualification to follow a pursuit is determined, and after determining their existence a general authority to follow such pursuit is granted, gives no greater right to follow that pursuit than exists in any citizen to follow any other legitimate calling or avocation. There is a general right in every citizen to -acquire, possess and protect property, and yet in the absence of such constitutional limitation upon the power of taxation, it extends, .as is said by Mr. Justice Cooley, “to every trade or occupation, to every object of industry, u§e qr qpjoyment, and to every species of possession” T.he power of the Legislature to impose a license tax’ upon lawyers is affirmed in the following cases: 21 La. An.. 201; 12 Mo., 268; 49 Miss., 749; 23 Grat., 464; 44 Ala., 658.
The decree of the Circuit Court is affirmed.