RUFUS M. SMITH, TAX COLLECTOR, ETC., *v.* ELIZABETH B. WILLIS.

1. LEVEES. *Taxation. Special assessments. Constitution* 1890, *sec.* 228. *Ib. sec.* 238.

  Lands within the Mississippi levee district, as recognized by constitution of 1890, sec. 228 (and not between the levee and the river, exempted by constitution of 1890, sec. 238), are liable to levee taxes, although they be damaged, rather than benefited, by the construction of the levees.

2. SAME. *Comparative benefits, etc.*

  The doctrine of comparative benefits and graduation of servitudes will not be recognized by the courts in respect to levee taxes.

FROM the circuit court of Issaquena county.

HON. WILLIAM K. McLAURIN, Judge.

Mrs. Willis, the appellee, was the plaintiff in the court below; Smith, the appellant, was defendant there. From a.

judgment in plaintiff's favor, the defendant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Walter Sillers*, for appellant.

It cannot be said the law is unconstitutional, because the constitution establishes the district, and imposes the tax.

Section 227 of the constitution provides that "a levee system shall be maintained in the state, as provided in this article."

Section 228 recognizes the district as it then existed, and provides, "And said districts shall so remain until changed by law." The district has never been changed by law.

Section 234 provides that the boundaries of said district shall not be changed except by an act of the legislature.

Section 236 provides that " the legislature shall impose, for levee purposes, in addition to the levee taxes heretofore levied, or authorized by law, a uniform tax of not less than two nor more than five cents per acre per annum, upon each and every acre of land now or hereafter embraced within the limits of either or both of said levee districts." The tax required to be levied by this section of the constitution is the tax sought to be recovered by appellee.

This suit is virtually an appeal to the courts to relieve the lands upon which the tax is levied, and lands similarly situated, from levee taxes.

We submit that the appeal should be made to the legislature, and not to the courts. The power is vested in the legislature to change the limits of the district, and thus relieve the territory from taxation, but the levee board has no power to relinquish this territory or relieve it from the taxation required by the constitution to be imposed. Neither have the courts.

*Dabney & McCabe*, for the appellee.

Instead of the land in question being benefited by the levee which terminates north of it, it is absolutely damaged thereby.

No matter what the letter of the law is, the intent is to be ascertained from the evils to be cured, the benefits to be derived, and the objects to be attained by the legislation, and the law should be construed with reference to these considerations. From the first act on this subject, in 1858, down to the present time, including the acts of 1865, 1867, and numerous amendments and acts since that time, the perfectly recognized and manifest purpose has been to protect alluvial lands from overflow, caused by high water in the Mississippi river. Not only is this known, from a general knowledge of the subject, to be the case, but the acts themselves declare it repeatedly. Shall the law be enforced according to its letter, although this is contrary to the whole spirit, purpose, and intent of the law?

Within legal contemplation, it seems to us that the lands of appellee will be held by the court to lie between the levee and the river. Certainly they are not behind the levee, therefore it is as true to say that they are between the levee and the river—that is, outside of the levee—as within the levee district.

By sec. 238 of the constitution there is excepted out of the lands subject to levee taxes those lands lying between the levee and the river, manifestly because they are not protected by the levee. It was assumed by the legislature that all of the lands in the levee district were protected by this levee, but such is not the fact. Therefore we say that the tax ought not to be imposed on lands which not only get no benefit from the levee, but are damaged by it. The same reason which would exempt the lands lying between the levee and the river from taxation, would apply to appellee's lands; but the answer made is that those lands between the levee and the river are exempt by the law and the constitution, while these lands are not. We do not see how the court can construe this law favorably to that proposition, because the purpose, intent, and reason of the law should prevail, although against its letter.

It is plainly intimated by this court, in *Owens* v. *Railroad Co.*, 74 Miss., 821, that lands lying between the levee and the

river would not be subject to the levee tax, even if so expressed in the act providing for the tax, for the same reasons on which we rely in support of the action here.

Suppose that Tippah county, for instance, the most elevated of all the counties, had by the act of the legislature been included in the levee district, and all of the property in that county had been subject to a levee tax, while other counties in the state except those protected by the levees should have been exempted from it, would any lawyer, for a moment, hesitate to say that so far as Tippah county is concerned in such a case the act would be invalid? The illustration differs from the case at bar, if at all, only in degree.

CALHOON, J., delivered the opinion of the court.

The land of Mrs. Willis had been in Warren county, but was taken from Warren and put in Issaquena, in order to compensate that county for territory taken from it for the construction of the county of Sharkey. Laws 1877, p. 58. Afterwards all of Issaquena was put in the Mississippi levee district. Laws 1877, p. 73, sec. 1; *Id.*, p. 77, sec. 12. Thereupon the tax collectors proceeded to collect the levee tax from her land, though while it was in Warren it was in no levee district, and therefore free from that tax.

Having paid the levee tax under protest, she sued to recover it back, and the learned court below sustained her claim for recovery on the ground, no doubt, that, although her land is in the levee district, all of which is taxed by the letter of the law, nevertheless she ought not, according to the reason and spirit of it, be made to pay, because the land is to the south and east of the extreme southern end of the levee, and actually injured by it instead of receiving any benefit. Her contention is that, being in fact entirely unprotected, the courts should hold the land, according to the purpose of the law and of the constitution, within the exemption of the lands between the levee and the river, though not in fact between them. Constitution 1890,

sec. 238, expressly prohibits the taxation for levee purposes of any land between the levee and the river, but section 228 recognizes the "Mississippi levee district" as formerly created by the legislature, and provides that it shall remain as so created until changed by law. Section 234 prohibits any consideration of a change of the boundary of the district, even by the legislature, except upon four weeks' previous publication of the proposed bill, and, besides, other restrictions are thrown around such legislation. It would seem to result, logically, from the argument of the learned counsel for Mrs. Willis, that, in any case of land directly east of the main line of the levee, which, for any reason, it did not in fact protect or benefit in any degree—and such instances, no doubt, may be found—the courts should hold such land not liable to levee taxation. From such a position it is inescapable that we should assert a doctrine of comparative benefits and graduation of levee tax servitudes. We may not do this. When the constitution and the laws put an entire county in a district for local taxation, the courts cannot legislate any part of it out of their operation. The only appeal Mrs. Willis has must be to the lawmaking department of the government.

*Reversed and remanded.*