KANSAS CITY SOUTHERN RAILWAY COMPANY ET AL. *v.* ROAD IMPROVEMENT DISTRICT NUMBER 6 OF LITTLE RIVER COUNTY, ARKANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 205.   Argued March 16, 17, 1921.—Decided June 6, 1921.

1. A judgment of 'a state supreme court sustaining a state tax law over the objection that, as applied in the case, it violates the Constitution, is reviewable by writ of error.   P. 659.
2. Railroad property may not be burdened for local improvements upon a basis so wholly different from that used for ascertaining the contribution demanded of individual owners as necessarily to produce manifest inequality.   P. 661.
3. An Arkansas statute authorizing local assessments for a road improvement, *held* a denial of the equal protection of the laws, as applied in this case.   P. 661.

139 Arkansas, 424, reversed.   Certiorari denied.

ERROR to a judgment of the Supreme Court of Arkansas which affirmed a judgment of a circuit court approving a road improvement assessment on property of the plaintiffs in error.   The facts are stated in the opinion.

*Mr. Samuel W. Moore* and *Mr. James B. McDonough*, with whom *Mr. Frank H. Moore* and *Mr. A. F. Smith* were on the briefs, for plaintiffs in error.

*Mr. John P. DuLaney*, with whom *Mr. A. D. DuLaney* was on the brief, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Proceeding under Act No. 338, 1915 Session, Arkansas Legislature, the County Court created and fixed the

boundaries of "Road Improvement District No. 6 of Little River County." They include approximately 25,000 acres and within them there are 9.7 miles of main track railroad owned and operated by plaintiffs in error, Kansas City Southern Railway Company and Texarkana & Fort Smith Railway Company, together with the corresponding right of way, covering 130 acres, and requisite station buildings.

Little River County is distinctly argicultural, has an area of 546 square miles, and 16,000 inhabitants. The Improvement District was created for the purpose of constructing 11.2 miles of gravel road through taxation upon real property, defined by the statute as "land, improvements thereon, railroads, railroad rights-of-way and improvements thereon, including public buildings, sidetracks, etc., and tramroads."

A duly appointed Board assessed the benefits to plaintiffs in error's property on account of the proposed road at $7,000.00 per mile of main track—$67,900.00. They divided the farming lands into five zones, determined by distance from the highway, and assessed uniform benefits upon all within the same zone without regard to improvements or market value—in the first $12.00 per acre, second $10.00, third $8.00, fourth $6.00, and fifth $4.00. Town lots were likewise assessed without reference to value or improvements at $10.00, $15.00, $20.00 and $25.00 each, according to location. A pipe line, telephone line, and telegraph line were severally assessed at $2,500.00, $300.00 and $300.00 per mile, without any designated basis.

Plaintiffs in error duly maintained that the assessment upon their property was unequal, arbitrary, unreasonable, and in violation of the due process and equal protection clauses of the Fourteenth Amendment. The state courts held to the contrary and in effect declared the statute providing for the Road Improvement District authorized the action taken by the Board, and that so construed it was a

valid enactment. 139 Arkansas, 424. The validity of the statute having been adequately challenged, the cause is properly here upon writ of error, and the petition for certiorari will be denied.

The settled general rule is that a state legislature "may create taxing districts to meet the expense of local improvements and may fix the basis of taxation without encountering the Fourteenth Amendment unless its action is palpably arbitrary or a plain abuse." *Gast Realty Co. v. Schneider Granite Co.,* 240 U. S. 55; *Houck* v. *Little River Drainage District,* 239 U. S. 254, 262. Ordinarily, the levy may be upon lands specially benefited according to value, position, area, or the front-foot rule. *French v. Barber Asphalt Co.,* 181 U. S. 324, 342; *Cass Farm Co. v. Detroit,* 181 U. S. 396, 397; *Louisville & Nashville R. R. Co.* v. *Barber Asphalt Co.,* 197 U. S. 430; *Withnell* v. *Ruecking Construction Co.,* 249 U. S. 63; *Hancock* v. *City of Muskogee,* 250 U. S. 454; *Branson* v. *Bush,* 251 U. S. 182.

If, however, the statute providing for the tax is "of such a character that there is no reasonable presumption that substantial justice generally will be done, but the probability is that the parties will be taxed disproportionately to each other and to the benefit conferred the law cannot stand against the complaint of one so taxed in fact." *Gast Realty Co.* v. *Schneider Granite Co.,* supra.

The statute under consideration prescribes no definite standard for determining benefits from proposed improvements. The assessors made estimates as to farm lands and town lots according to area and position and wholly without regard to their value, improvements thereon, or their present or prospective use. On the other hand, disregarding both area and position, they undertook to estimate benefits to the property of plaintiffs in error without disclosing any basis therefor, but apparently according to some vague speculation as to present worth and possible future increased receipts from freight and passengers

which would enhance its value, considered as a component part of the system.

Obviously, the railroad companies have not been treated like individual owners, and we think the discrimination so palpable and arbitrary as to amount to a denial of the equal protection of the law. Benefits from local improvements must be estimated upon contiguous property according to some standard which will probably produce approximately correct general results. To say that 9.7 miles of railroad in a purely farming section, treated as an aliquot part of the whole system, will receive benefits amounting to $67,900.00 from the construction of 11.2 miles of gravel road seems wholly improbable, if not impossible. Classification, of course, is permissible, but we can find no adequate reason for what has been attempted in the present case. *Royster Guano Co.* v. *Virginia*, 253 U. S. 412, 415. It is doubtful whether any very substantial appreciation in value of the railroad property within the district will result from the improvements; and very clearly it cannot be taxed upon some fanciful view of future earnings and distributed values, while all other property is assessed solely according to area and position. Railroad property may not be burdened for local improvements upon a basis so wholly different from that used for ascertaining the contribution demanded of individual owners as necessarily to produce manifest inequality. Equal protection of the law must be extended to all.

The judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*