## GULF & S. I. R. CO. v. DUCKWORTH, Sheriff, etc., et al.

(District Court, S. D. Mississippi, Jackson Division. March 29, 1922.)

### No. 165.

Constitutional law ⊜⇒229(1), 283—Highways ⊜⇒90—Formation of road district to be taxed for highway held not unconstitutional, as denying the railroad company due process or equal protection of law.

The creation by the supervisors of a county, acting under Laws Miss. 1914, c. 176, of a road district to be taxed for the building of a highway near, and substantially parallel to, the line of complainant's railroad, *held* not to deprive complainant of its property without due process of law, or deny it the equal protection of the laws, because the district as formed was narrow in width as compared with its length along the proposed highway and included defendant's line of road throughout its length, where all property, within the district was taxed equally, according to assessed value, for the cost of the road, and no fraud or intentional imposition was charged.

In Equity. Suit by the Gulf & Ship Island Railroad Company against D. W. Duckworth, Sheriff and Tax Collector of Simpson County, Miss., and the Board of Supervisors of said Simpson County. On motions by complainant for preliminary injunction, and by defendants to dismiss bill. Motion to dismiss granted.

The map herewith shows the boundaries of Central Highway Road District:

B. E. Eaton, of Gulfport, Miss., and T. J. Wills, of Hattiesburg, Miss., for complainant.

R. C. Russell, of McGee, Miss., for defendants.

HOLMES, District Judge. The Gulf & Ship Island Railroad Company, a corporation organized under the laws of the state of Mississippi, filed its bill against the defendants, the sheriff and tax collector and board of supervisors of Simpson county, Miss., to restrain the collection of an ad valorem tax levied by the board to pay for the construction and maintenance of a graveled highway through the Central Highway road district established under the provisions of chapter 176 of the Laws of 1914.

The bill alleges that the board of supervisors is the legally constituted governmental agency created by law within the state of Mississippi for establishing road districts and levying taxes thereon, which taxes when levied constitute liens against the property located in said districts. It avers that the said board of supervisors, pretending to act under the authority granted by law, fixed and established in said county a separate road district, which is characterized as the Central Highway road district of Simpson county, Miss., and that said district is meant to, and does, comprise in its area a portion of the property of said county which is designed to bear the expense of the construction and maintenance of a highway which has been built through said district.

It alleges that the board caused to be built through said district a main thoroughfare or graveled highway which parallels the right of way of the complainant's main line of railroad through the entire district, and is distant from said right of way from a few hundred feet to not more than a mile. It further shows that for the year 1921 the board levied a special tax upon the property of the road district to pay for the construction of said road and the interest on the bonded debt created for the purpose of building it. The tax so levied was 10 mills, which is in addition to all other taxes imposed by the county, and is imposed upon all of the property in said road district, but is an additional burden not imposed upon other property in the county outside of the district.

It alleges that in addition to the special tax of 10 mills the board for 1921 levied a general tax of 3 mills, which was to be expended upon roads generally in the county, and that in addition to the special tax of 10 mills which has been levied upon property of the complainant it has been taxed with the general county road levy of 3 mills. This tax of 3 mills is levied upon all other property, not only within the said road district, but within the county.

It alleges that it receives from the highway so constructed no special advantages, but that it constitutes a direct competitor in the transaction of its business, for the reason that it is a thoroughfare for automobile traffic throughout the county, and for trucks engaged in the hauling of freight. It alleges that the collection of the special tax for the construction of said road would deprive it of its property without due process of law, and deny to it the equal protection of the law

vouchsafed to it by the Fourteenth Amendment, and would constitute the taking of its property for public use without just compensation, contrary to the rights guaranteed to it in the Fifth Amendment of the Constitution of the United States.

The bill is expressly stated to be predicated "upon rights and privileges granted to the complainant under the Fifth and Fourteenth Amendments of the Constitution of the United States." But it is apparent from reading the bill that it can lay no just claims to any provisions of the Constitution of the United States, except those provisions of the Fourteenth Amendment which forbid any state to deprive any person of property without due process of law, or to deny to any person within its jurisdiction the equal protection of the laws, the Fifth Amendment being a limitation on the power of Congress and not of the states.

The sole ground of jurisdiction here, therefore, depends upon whether the defendant is being deprived of its property without due process of law, or denied the equal protection of the laws, within the meaning of the Fourteenth Amendment. No attack is made in the bill on the assessed valuation of complainant's property within the district, or upon the road levy by which the special tax is calculated. It is apparently conceded that all property within the district is fairly assessed according to value, and that the rate is the same for complainant as for all other taxpayers.

The complainant here does not put its claim for equitable relief upon any allegation that, in the proceedings for the formation of the Central Highway road district, the board of supervisors departed from the provisions of the statute, or that the statute properly construed and administered is unconstitutional and void, or that there has been any discrimination against it or its property as compared with the property of other taxpayers embraced within the district. Neither do the allegations go to the extent of charging intentional fraud or bad faith prejudicial to the interests of complainant in the formation of the district. There is an allegation that the district as located—

"whether intentionally so devised or not * * * is in law and in fact a fraud prejudicial to the interests of the complainant, in that it was proposed to lay upon this complainant the burden of paying for said roadway taxes in excess of any benefits secured from the construction of said road, and in excess of any just or equitable tax which should have been imposed for the construction of the road."

This is a mere conclusion of the pleader and falls far short of alleging facts which show fraud by the board of supervisors in laying out the district and determining its boundaries. The complaint charges that in establishing the district it was so laid out as to have a width varying from 2 to 4 miles, but a length of approximately 30 miles, and was shaped so as to exclude therefrom many persons opposing its creation, and—

"that wherever any serious objection would arise there was an omission of the property of such persons as might interfere with the creation of the district, provided the omission did not result in the omission of the railroad lines of complainant."

It is not stated upon what grounds the objections were based, or whether there was any merit in them. For all that appears in the bill, the objections may have been legally and equitably well taken, and the board's decision thereon not only free from fraud, but fair and wise from a legislative standpoint. The complainant's position is summed up in the averment that—

"The irregular shape and the omissions are sufficient to, and do, condemn the said district as improperly laid out and void."

The defendants filed an answer in which they deny the main allegations of the bill, except those with regard to the creation of the district, the assessment and levy, admitting its creation with the dimensions claimed in the bill, and admitting the assessment and levy. In the answer is set up also much new matter, which would be proper for me to consider on the motion for a preliminary injunction, but which, as the case will be disposed of on the motion to dismiss, need not be adverted to here.

The case is before me now on the motion of complainant for a preliminary injunction, which has been heard on bill, answer, and proof, and also on the motion of the defendants to dismiss the bill, because insufficient in point of law to justify the relief prayed for. The latter motion involves a consideration solely of the sufficiency of the bill to justify the relief therein sought.

This is not the case of a local assessment or betterment tax, charging the cost of a local improvement upon individual property in proportion to benefits estimated to accrue thereto, but is the case of the creation by authority of the Legislature of a separate special taxing district, which is made to bear the entire cost of a local improvement, to wit, a public highway traversing the entire length of the same. This cost is distributed equally upon the property in the district upon an ad valorem basis. If this distinction is kept in mind, it will serve to differentiate most of the cases cited by attorneys for complainant, notably, Kansas City Southern Railway Co. v. Road Improvement District No. 6, 256 U. S. 658, 41 Sup. Ct. 604, 65 L. Ed. 1151, which is their main authority.

In that case the board assessed benefits to railroad property from the construction of a public highway at $7,000 per mile, but divided the farming lands into five zones, determined by distance from the highway, and assessed uniform benefits upon all within the zone, without regard to improvement or value, in the first, $12 per acre; second, $10; third, $8; fourth, $6; and fifth, $4. Town lots were likewise assessed, without reference to value or improvements, at $10, $15, $20, and $25 each, according to location. The court recognized that a state Legislature may create special taxing districts to meet the expense of local improvements, and fix the basis of taxation without violating the Fourteenth Amendment, unless its action is palpably arbitrary or a plain abuse of power; also that the levy may be upon the lands specially benefited according to value, possession, area, or the front-foot rule, but held that if, under the statute, there was no reasonable presumption that substantial justice would generally be done, and that probably parties would be taxed disproportionately to each other and to benefits

conferred, the law could not be upheld. Not one of the grounds of condemning the assessment there exists here. The emphasis of the distinguishing features of the two cases is helped by quoting from the opinion:

"The statute under consideration prescribes no definite standard for determining benefits from proposed improvements. The assessors made estimates as to farm lands and town lots according to area and position, and wholly without regard to their value, improvements thereon, or their present or prospective use. On the other hand, disregarding both area and position, they undertook to estimate benefits to the property of plaintiffs in error without disclosing any basis therefor, but apparently according to some vague speculation as to present worth and possible future increased receipts from freight and passengers which would enhance its value, considered as a component part of the system. Obviously, the railroad companies have not been treated like individual owners, and we think the discrimination so palpable and arbitrary as to amount to a denial of the equal protection of the law. Benefits from local improvements must be estimated upon contiguous property according to some standard which will probably produce approximately correct general results. To say that 9.7 miles of railroad in a purely farming section, treated as an aliquot part of the whole system, will receive benefits amounting to $67,900 from the construction of 11.2 miles of gravel road seems wholly improbable, if not impossible. Classification, of course, is permissible, but we can find no adequate reason for what has been attempted in the present case. F. S. Royster Guano Co. v. Virginia, 253 U. S. 412, 415, 64 L. Ed. 989, 990, 40 Sup. Ct. 560. It is doubtful whether any very substantial appreciation in value of the railroad property within the district will result from the improvements; and very clearly it cannot be taxed upon some fanciful view of future earnings and distributed values, while all other property is assessed solely according to area and position. Railroad property may not be burdened for local improvements upon a basis so wholly different from that used for ascertaining the contribution demanded of individual owners as necessarily to produce manifest inequality. Equal protection of the law must be extended to all."

Here there is a definite standard for determining the benefits of the proposed improvement. The basis for ascertaining the contribution demanded of individual owners is the same as that of the railroad; all property in the district is assessed according to value. The levy of 10 mills is the same for corporate and individual owners. Equal protection of the law is extended to all within the district.

The question, therefore, narrows itself to whether the creation of the district was a denial of due process or equal protection of the law to complainant, because of the amount of its property embraced in it and because of the boundaries and irregular shape. The statute in question (Laws 1914, c. 176) has been upheld by the Supreme Court of Mississippi in Prather v. Googe, 108 Miss. 670, 67 South. 156. Neither is the statute here assailed generally, upon the ground of its unconstitutionality, and palpably upon the hearing which has taken place no relief could be granted upon that ground. 37 Stat. 1013, c. 160, Act March 4, 1913 (Comp. St. § 1243). There is no allegation that the complainant ever objected, or was denied the right to object, to the creation of the district, or the inclusion of its property in it, or to the assessment or levy.

This reduces the matter to whether the creation, under a valid statute, of a special taxing district, with the dimensions named, which includes property fairly assessed at $2,511,800, for the construction and

maintenance of a road at a cost necessitating a 10-mill annual tax on the assessment, about one-fifth of which will be paid by the complainant, is such an arbitrary legislative act and plain abuse of power that it is tantamount to taking complainant's property therein without due process of law, and denying to it the equal protection of the law under the federal Constitution. Clearly the Legislature has a large discretion in defining the territory to be deemed specially benefited by a public highway or other local improvement. This court has no power to trespass upon that discretion, or to enlarge or contract the boundaries of the district when formed. The limit of its power is to declare void an arbitrary act, which is so palpably an abuse of that discretion as to be violative of rights protected by the Fourteenth Amendment.

The bill does not state such a case, and the motion to dismiss will be sustained.