## COLUMBUS & GREENVILLE RAILWAY COMPANY ET AL. *v.* MILLER, STATE TAX COLLECTOR, FOR THE USE OF THE MISSISSIPPI LEVEE DISTRICT.

No. 195.   Argued March 6, 9, 1931.—Decided April 13, 1931.

See also, 154 Miss. 317; 122 So. 366.

*Messrs. Wm. H. Watkins* and *R. C. Stovall,* with whom *Messrs. A. F. Gardner, Sr., A. F. Gardner, Jr.,* and *H. T. Odom* were on the brief, for appellants.

*Mr. Simon Rosenthal,* with whom *Messrs. George Butler, J. Ed. Franklin, Lamar F. Easterling,* and *C. B. Snow* were on the brief, for appellee.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

On behalf of the Mississippi Levee District, the State Tax Collector of Mississippi sued the Columbus & Greenville Railway Company to collect a tax for the years 1926 and 1927, under chapter 282 of the Laws of Mississippi of 1914, at the rate of $350 a mile on its main line within the District. The Railway Company had paid the tax at the rate of $50 a mile, pursuant to the provisions of an amending act, chapter 259 of the Laws of 1926, which fixed the tax at that rate for a railroad having less than twenty-five miles of main line within the district. The Railway Company fell within the amendment, as its main line in the district was only 18.41 miles in length. The Collector alleged in his declaration that the Act of 1926 was unconstitutional and void because the bill providing therefor had not been published, in advance of introduction, as required by section 234 of the state constitution. Demurrer to the declaration was sustained by the Circuit Court

of Montgomery County, but its judgment was reversed by the Supreme Court of the State upon the ground that the classification by the Act of 1926 was "arbitrary and unreasonable, and therefore in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution." 154 Miss. 317; 122 So. 366.

The Railway Company then pleaded that it was not indebted, and gave notice that it would undertake to show that the classification of the Act of 1926 was valid, and, further, that the statute laying the tax demanded by the plaintiff, that is, the Act of 1914, was itself unreasonable and violated the Fourteenth Amendment. Upon the trial, evidence offered by the defendant in support of these allegations was received subject to objection which the Circuit Court finally sustained, and judgment was entered for the amount of the tax on the basis of $350 a mile. This judgment was affirmed by the Supreme Court of the State in the view that the case was ruled by its previous opinion and that the excluded evidence, if competent, could not have changed the result. 127 So. 784.

An appeal was taken to this Court and a motion to dismiss or affirm was postponed to the hearing on the merits. At the same time, this Court granted a writ of certiorari. 282 U. S. 825.

That part of the State of Mississippi, known as the Mississippi Delta, is divided into two districts, the Mississippi Levee District and the Yazoo-Mississippi Delta Levee District, to the end that each district may maintain the levees necessary to protect the lands within it. The Mississippi Levee District, created in 1865, comprises the southern part of the Delta. It is said that four methods of taxation are used to maintain this district, an acreage tax, a cotton tax, an *ad valorem* tax on property generally, and a mileage tax on railroad companies which it appears is in lieu of the *ad valorem* tax. *Miller* v. *Yazoo & Mississippi Valley R. Co.*, 160 Miss. —; 132 So. 597.

Prior legislation providing for the mileage tax on railroads was amended by chapter 282 of the Laws of 1914 so as to impose a tax of $350 a mile on the main line of standard gauge railroads within the district, $87.50 a mile on narrow gauge railroads, and $210 a mile on standard gauge branch lines. Chapter 259 of the Laws of 1926 added to the statute the following proviso: "provided further that the tax per mile per annum on the main line of any railroad company which does not own in excess of twenty-five miles of railroad in the Mississippi Levee District shall be $50 per annum." The Supreme Court of the State, holding that this proviso was invalid under the Fourteenth Amendment, did not deem it necessary to decide whether this ruling invalidated merely the proviso or the entire Act of 1926, as in either event the tax to be paid would be the same.

We are not concerned with any question of the State's policy in imposing taxes, or with the various methods employed in the levee district, apart from the application of the Fourteenth Amendment. The question as to the validity of the Act of 1926 is raised only by the State Tax Collector in his official capacity, as one acting solely under the authority of the legislature whose requirement he contests. The only person taxed by the statute whose rights are before the Court is the petitioner, which seeks to uphold the state legislation which defines its liability and with which it has complied. The questions which the Collector sought to raise under the state constitution have not been passed upon by the state court. While, so far as state practice is concerned, the authority of a public officer to assail in the courts of the State the constitutional validity of a state statute is a local question,[1] this fact does not alter the fundamental principle, governing the determination of the federal question by this Court, that the protec-

[1] Smith v. Indiana, 191 U. S. 138, 148; Huntington v. Worthen, 120 U. S. 97, 101; Stewart v. Kansas City, 239 U. S. 14, 16.

tion of the Fourteenth Amendment against state action is only for the benefit of those who are injured through the invasions of personal or property rights or through the discriminations which the Amendment forbids.[2]  The constitutional guaranty does not extend to the mere interest of an official, as such, who has not been deprived of his property without due process of law or denied the equal protection of the laws.[3]

Apart from this consideration, the only question presented is whether the Act of 1926 with its proviso, or the proviso alone, is invalid upon its face.  The evidence offered to support the classification was excluded, and was treated as being in any event without effect, and the case thus stood before the state court upon the bare terms of the statute.  If the facts shown by the evidence, thus excluded, were treated as established (*Fairmont Creamery Company* v. *Minnesota,* 274 U. S. 1, 5), they would have no tendency to invalidate the statute, but rather to sustain it.  It appears that there are only two main lines of railroad within the district, that of the Yazoo & Mississippi Valley Railroad Company, extending north and south through the entire levee district parallel with the Mississippi River, and that of the petitioner running east from the Mississippi River.  The petitioner sought to show not only the difference in location but that the condition of its road and its equipment was inferior to that of the other railroad.  The petitioner also offered to prove, and the fact was stipulated subject to objection, that the State Tax Commission had assessed for *ad va-*

---

[2] *Clark* v. *Kansas City,* 176 U. S. 114, 118; *Standard Stock Co.* v. *Wright,* 225 U. S. 540, 550; *Massachusetts* v. *Mellon,* 262 U. S. 447, 488; *Roberts & Schaefer Co.* v. *Emmerson,* 271 U. S. 50, 54, 55; *Liberty Warehouse Co.* v. *Burley Tobacco Growers' Assn.,* 276 U. S. 71, 88.

[3] *Smith* v. *Indiana, supra; Braxton County Court* v. *West Virginia,* 208 U. S. 192, 197, 198; *Marshall* v. *Dye,* 231 U. S. 250, 257; *Stewart* v. *Kansas City, supra.*

*lorem* taxes the railroad of the petitioner within the levee district at $1,000 a mile, and that of the other railroad at $32,000 a mile and, further, that in the classification of railroads by the State Railroad Commission for the purpose of levying a privilege tax, the petitioner was placed with respect to its main line in class three and the other railroad in class one.

Without attempting to appraise the excluded evidence with respect to the asserted differences between the two railroads, it is sufficient to say that, if this evidence be disregarded, the record shows no factual basis for holding the classification of the statute invalid other than the simple fact that the classification is according to mileage. But the mere selection by the state legislature, in the exercise of its broad discretion in the imposition of taxes,[4] of a mileage basis, and the establishment of a particular class of railroads having less than twenty-five miles of main line within the district, cannot be regarded, in the absence of any further showing, as arbitrary and as constituting a violation of the Federal Constitution. On the contrary, a classification of this sort has frequently been sustained. In *Dow* v. *Beidelman*, 125 U. S. 680, 691, a statute classifying railroads according to mileage, with respect to the passenger fares to be charged, was sustained. The Court said: " Whether the classification shall be according to the amount of passengers and freight carried, or of gross or net earnings, during a previous year, or according to the simpler and more constant test of the length of the line of the railroad, is a matter within the discretion of the legislature." To the same effect is *Chesapeake & Ohio Ry. Co.* v. *Conley*, 230 U. S. 513. Similar rulings have been made in upholding other regulatory statutes; *e. g.* a statute relating to the heating of passenger cars but not applying to railroads less than

---

[4] *Bell's Gap R. Co.* v. *Pennsylvania*, 134 U. S. 232, 237; *Ohio Oil Co.* v. *Conway*, 281 U. S. 146, 159.

fifty miles in length (*New York, New Haven & Hartford R. Co.* v. *New York,* 165 U. S. 628, 633, 634), and statutes requiring a minimum number of men in train crews but not applying to railroads of less than a stated mileage. (*Chicago, Rock Island & Pacific Ry. Co.* v. *Arkansas,* 219 U. S. 453; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Arkansas,* 240 U. S. 518.) See, also, *Wilson* v. *New,* 243 U. S. 332, 354.

As we find no ground for holding the Act of 1926 to be invalid under the Federal Constitution, it is unnecessary to consider the questions discussed in relation to the Act of 1914.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*