STANLEY *v.* PUBLIC UTILITIES COMMISSION.

No. 551.  Argued April 3, 1935.—Decided April 15, 1935.

*Mr. Charles F. King* for appellant.

*Mr. Clyde R. Chapman* for appellee.

PER CURIAM.

Chapter 259 of the Public Laws of the State of Maine of 1933 placed common carriers operating motor vehicles for the transportation of goods for hire, under the control of the Public Utilities Commission, and required them to obtain certificates of public convenience and necessity which, however, were to be granted as a matter of right in the case of carriers who had provided adequate, responsible and continuous service since March 1, 1932.

Appellant, John M. Stanley, applied to the Commission for a certificate to enable him to operate as a common carrier from Portland to Haines Landing in that State. Upon hearing, the Commission determined that he was entitled, as a matter of right, to a certificate for operation between Portland and Lewiston, but not north of the latter point, as it did not appear that he had supplied the described service north of Lewiston since March 1, 1932. The Commission found that there were several common carriers operating over all, or portions, of the route between Lewiston and Haines Landing, including those which were entitled to certificates as a matter of right, and denied appellant's application for that part of the route. Complaining that this determination deprived him of his property without due process of law and denied to him the equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States, appellant obtained review by the Supreme Court

of the State, which overruled his exceptions and sustained the Commission's action. 133 Me. 91; 174 Atl. 93. The case comes here on appeal.

Appellant's contentions are without merit. No question as to interstate transportation is involved. In safeguarding the use of its highways for intrastate transportation, carriers for hire may be required to obtain certificates of convenience and necessity. *Packard* v. *Banton,* 264 U. S. 140, 144; *Stephenson* v. *Binford,* 287 U. S. 251, 264. In the exercise of this power, the legislature could determine, within reason, as of what period the service of carriers for hire over its highways did not impair their use or cause congestion, and require certificates for those seeking to supply additional transportation for a later period. The selection of any date would necessarily establish a distinction between service immediately before and after; but that, like similar selections of distances, weights and sizes, would not of itself prove that the choice was beyond the range of legislative authority. *Columbus & Greenville Ry. Co.* v. *Miller,* 283 U. S. 96, 101, 102; *Continental Baking Co.* v. *Woodring,* 286 U. S. 352, 370, 371; *Sproles* v. *Binford,* 286 U. S. 374, 388, 389. There is no ground for concluding that the legislature transgressed the bounds of permissible discretion in this case. The judgment is

*Affirmed.*