Yazoo & M. V. R. Co. *v.* Board of Mississippi Levee Com'rs.

(In Banc. May 6, 1940.)

[195 So. 704. No. 33914.]

H. P. Farish, of Greenville, C. H. McKay, of Memphis, Tenn., R. C. Beckett, V. W. Foster, and E. C. Craig, all of Chicago, Ill., for appellant.

C. M. Murphy, of Belzoni, and Ben Wilkes, of Greenville, for appellee.

894

Argued orally by **R. C. Beckett**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is an action by the appellant to recover from the appellee taxes paid by it to the appellee under protest. A jury was waived and the case was tried by the judge, who, after hearing the evidence, rendered a judgment denying appellant a recovery. The case made by the record is as follows: The counties and parts of counties in this state lying in the Mississippi River valley, the lands of which would be subject to inundation from overflow waters of the river, are divided into two districts created for the purpose of constructing, repairing, and

maintaining levees along the Mississippi River to protect the land within the districts from the river's flood waters. The Mississippi Levee District was created by Chapter 1, Laws of 1865, under the name of "The Board of Levee Commissioners for the Counties of Bolivar, Washington, and Issaquena," which statute was amended by Chapter 45, Laws of 1877, so as to designate the district as "The Mississippi Levee District" and changing the name of its board of commissioners to "The Board of Mississippi Levee Commissioners." The 1865 statute imposed a tax of ten cents an acre per annum upon all land within the district and a one cent per pound, per annum tax on cotton grown in the district. These two taxes, with variations in the rate thereof, were continued up to the fiscal year 1938, when the cotton tax was discontinued. By Chapter 7, Laws of 1886, an additional tax for the support of the district was imposed on all railroads within the district varying according to the type of the road from $100 to $60 per annum per mile of the railroad.

By Article 11 of the State's Constitution adopted in 1890, maintenance of a levee system in the State was made mandatory. The creation by the legislature theretofore of the two Mississippi Levee districts was approved and the legislature being given power to change their boundaries by law. The article deals extensively with the powers of the two boards of levee commissioners. Section 236 thereof approves the taxes then in force for the support of the districts and makes it mandatory on the legislature to impose an acreage tax on land in the district and authorizes it to provide for the discontinuance of the tax on cotton. Section 237 grants the legislature "full power to provide such system of taxation for said levee districts as it shall, from time to time, deem wise and proper." By Chapter 63, Laws of 1892, and various statutes thereafter the foregoing taxes were continued. Chapter 125, Laws of 1908, amended Chapter 7, Laws of 1886, so as to impose an annual tax on railroads

varying from $200 to $50 per mile according to the type
of the road. Chapter 282 Laws of 1914, changed the rate
of this tax to $350 per annum decreasing to $87.50 per
annum on each mile of a railroad according to its type.
That Chapter was amended by Chapter 259, Laws of 1926,
so as to provide that a railroad company owning not more
than 25 miles of railroad should pay a tax only of $50 per
annum. By Chapter 154, Laws of 1932, the laws govern-
ing the Mississippi Levee District were revised. Section
7 thereof authorized the levee commissioner ''to levy and
assess the following taxes upon the persons, property
and privileges within the Mississippi Levee District, to-
wit:'' (a) An acreage tax not to exceed five cents per
acre; (b) an ad valorem tax of not exceeding ten mills
on the assessed value of all property in the district not
exempt from taxation under the general laws of the state;
(c) a tax on cotton grown in the district not to exceed
one-fifth of one cent per pound thereof; and (d) a tax on
all privileges exercised within the district. Section 8
thereof requires the taxes to be levied annually at the
July meeting of the Board of Levee Commissioners or
any meeting thereafter and authorizes the board to
''abolish and re-establish as it sees fit any one or more of
said classes of taxation provided'' sufficient revenue is
raised to pay the bonds and other outstanding obliga-
tions of the district.

For the fiscal years of 1932 to 1938, inclusive, the
board levied each of the foregoing taxes, the privilege
tax being only on public utilities; on railroads being the
same as that levied by the state by Section 176, Chapter
20, Laws of 1935, as amended by Laws 1936, c. 154, upon
each railroad of the first class, $90 per mile; of the second
class, $80 per mile; of the third class, $70 per mile, and
so on to the 10th class, $5 per mile. The classification of
the railroads is made under Section 181, Chapter 20,
Laws of 1935 by the Tax Commissioner. Taxes imposed
on other public utilities were one-half of that imposed on
them by Chapter 20, Laws of 1935. The class of rail-

roads to which the appellant belonged does not appear. There are only two railroads in the district, the appellant, and the Columbus & Greenville which has only a small amount of mileage in the district. The appellant has 117.15 miles of main line and 193.25 miles of branch or feeder lines. In 1938, the board abolished the tax on cotton grown in the district. The aggregate amount of taxes collected in the district for the year preceding the abolition of the cotton tax was $418,411. Based on previous experience, the total revenues for 1939 without the cotton tax will be $203,430. In December, 1938, the appellant paid its acreage and ad valorem taxes amounting to $9,633.87, and paid also, under protest, its privilege tax amounting to $10,673, the later being the tax it here seeks to recover. The privilege tax paid by the Columbus & Greenville Railroad Company was $552.30, that by the other utilities being Express Co., $36.82; Pullman Co., $259; Southern Bell Telephone & Telegraph Co., $1,410.45; Railway Express Co., $523.36; Western Union, $37.07; Postal Telegraph, $480.52; Miss. Power & Light Co., $1,421.78.

The brief of counsel for the appellant rests its right to a reversal of the judgment of the court below on three propositions which will be hereinafter separately set forth and considered, this opinion being limited thereto.

1. The appellant's first proposition is that "taxes levied by the Mississippi Levee District come under the class known as local improvement taxes." This is true, but the taxing power of the district does not, since the adoption of the Constitution of 1890, depend on a grant thereof by the legislature under its general legislative power. Under Section 227 et seq. of the Constitution, this levee district is in the same situation as if it had been originally created by the Constitution and its taxing power is that conferred by Section 236 of the Constitution and by the Legislature under Section 237 thereof. The district, as the statutes and Constitution disclose, was not created simply for the purpose of increasing the utility of the

land therein for agricultural purposes, but, in addition thereto, for the purpose of protecting the lives, homes, property, and business enterprises of the inhabitants of the district from destruction by the flood waters of the Mississippi River. Its revenue, as appears from the history thereof hereinbefore set forth, has never been derived from an assessment of property according to benefits derived by it from the construction and maintenance of the levees, but from taxation of the character that the state employs for raising its revenue, and under Sections 236 and 237 of the State's Constitution, the legislature is not required, if indeed it has the power, to restrict the district to raising its revenue from an assessment of benefits. Smith v. Willis, 78 Miss. 243, 28 So. 878. Consequently, the cases cited in the brief of counsel for the appellant dealing with inequalities and differences in method of assessing benefits to property from a local improvement, e. g. Kansas City Southern Railroad Co. v. Road Imp. District, 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151, are of little value here.

Before proceeding further with this discussion it may be well to point out that ''the legislature may create taxing districts to meet the expense of local improvements, and may fix the basis of taxation without encountering the 14th Amendment unless its action is palpably arbitrary or a plain abuse.'' Gast Realty & Investment Co. v. Schneider Granite Co., 240 U. S. 55, 36 S. Ct. 254, 255, 60 L. Ed. 523; Houck v. Little River Drainage District, 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266; Kansas City Southern Railroad Co., v. Road Improvement District, supra.

2. The appellants second proposition is: ''The so-called railroad privilege tax demanded by the Mississippi Levee district is not really a privilege tax. It is an exaction of a fixed amount per mile of railroad without relation to the granting of any privilege and is arbitrary and unreasonable and therefore unconstitutional and void.'' As hereinbefore set forth, this privilege tax was imposed under paragraph (d), Secton 7 of Chapter 154, Laws of

1932, Section 10 of which provides: "The property of the railroads and other public utilities and the privileges exercised by them within the Mississippi Levee District shall be taxable under the foregoing powers granted the Board in the same manner and to the same extent as the property and privileges of other persons and corporations within said district, but this shall not be construed to require all classes of privileges to be taxed at the same time nor at the same proportion."

The order of the Board of Commissioners levying the tax is a literal rescript of Section 176, Chapter 20, Laws of 1935, which imposes a state privilege tax on railroads, except that the tax is restricted in the order to the levee district. It is true that neither the statute permitting the levying of this tax, nor the order of the levee board levyng it, confers on a person or corporation the privilege of operating railroads, but the state, in the absence of a constitutional restriction, has the power to tax persons and corporations engaged in an occupation or business and to prohibit them from continuing therein unless the tax is paid. Stewart v. Potts, 49 Miss. 749; Clarksdale Ins. Agency v. Cole, 87 Miss. 637, 40 So. 228; and authorities infra. The state may select the occupations and professions to be taxed, authorities supra and infra, and particularly New York Rapid Transit Corporationtion v. City of New York, 303 U. S. 573, 58 S. Ct. 721, 82 L. Ed. 1024, and authorities there cited, the only requirements in this connection being, (1) that all of the same class be taxed alike; authorities, supra; and State v. Gulf M. & N. Railroad Co., 138 Miss. 70, 104 So. 689; Bell's Gap Railroad Co. v. Pennsylvania, 134 U. S. 232, 10 S. Ct. 533, 33 L. Ed. 892; Giozza v. Tiernan, 148 U. S. 657, 13 S. Ct. 721, 37 L. Ed. 599; Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 S. Ct. 594, 42 L. Ed. 1037; Southwestern Oil Co. v. Texas, 217 U. S. 114, 30 S. Ct. 496, 54 L. Ed. 688; and (2) that the tax imposed be not so unnecessarily high as to deprive the persons taxed of the right to engage in a lawful occupation or

business. Mathinson v. Brister, 166 Miss. 67, 145 So. 358. The grading of the tax according to railroad mileage is unobjectionable. Postal Telegraph &. Cable Co. v. Robertston, 116 Miss. 204, 76 So. 560; Columbus & G. Railroad Co. v. Miller, 283 U. S. 96, 51 S. Ct. 392, 75 L. Ed. 861; Chesapeake & O. Railroad Co. v. Conley, 230 U. S. 513, 33 S. Ct. 985, 57 L. Ed. 1597; Stanley v. Public Utilities Commission, 295 U. S. 76, 55 Ct. 628, 79 L. Ed. 1311; New York Rapid Transit Corporation v. City of New York, supra. In Columbus & G. Railroad Co. v. Miller, supra the Court approved the mileage tax imposed on railroads in the Mississippi Levee District by Chapter 282, Laws of 1914.

3. The appellant's third proposition is: ''A tax on railroad property for a local improvement which is greater than that paid by the owners of other property in similar situation is a denial of the equal protection of the law, in violation of the Fourteenth Amendment to the Constitution of the United States.''

This privilege tax applies equally to all of the same class of persons or corporations subject thereto and there is nothing in the evidence or judicially known to us to indicate that it imposes an unreasonable burden on the appellant. Taxation on a mileage basis does ''not of itself prove that the choice is beyond the range of legislative authority.'' Stanley v. Public Utilities Commission, supra [295 U. S. 76, 55 S. Ct. 629, 79 L. Ed. 1311], citing Columbus & G. Railroad Co. v. Miller, supra; Continental Baking Co. v. Woodring, 286 U. S. 352, 52 S. Ct. 595, 76 L. Ed. 1155, 81 A. L. R. 1402; Sproles v. Binford, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167. Nor does the fact that the only other railroad in the district has a small amount of mileage, and consequently pays a much smaller tax than does the appellant. A privilege tax imposed on several occupations may be valid as to an occupation in which only one person is engaged.

The appellant has no just cause of complaint because of the fact that it is called on to pay an ad valorem and

an acreage tax on its land in common with other landowners, and in addition thereto a tax on the privilege of operating its railroad. The two taxes are separate and distinct. If a person owns land in the district, but is not engaged in an occupation or business therein, he pays only the taxes levied on land. If in addition to owning land he is also engaged within the district in an occupation or business taxed, he pays both a land and a privilege tax. If he owns no land in the district but is there engaged in an occupation or business, he pays only the privilege tax thereon. All persons "similarly situated" are therefore taxed alike. If the appellant's complaint is that the aggregate of the two taxes it pays an undue portion of the total amount of taxes to be collected by the district, the same result will be reached. Assuming, though the evidence does not disclose, that the appellant pays more taxes than does any other property owner, that fact is brought about by the privilege tax paid by it and not by property owners who are not engaged in the railroad business. It does pay a privilege tax greater in amount than that imposed on any other public utility, but that fact alone as hereinabove pointed out does not in validate the tax, equality among different occupations not being required.

The appellant makes no contention that it derives no benefit from the levee maintained by this district, and could not successfully do so for the reason that it is common knowledge that portions of its railroad without the levees could not be operated at all during a part of each year because of overflow water from the Mississippi River. This fact, since the tax is not unreasonably discriminatory, relieves it of any charge of being palpably arbitrary and a plain abuse. Memphis & Charleston Railway Co. v. Pace, 282 U. S. 241, 51 S. Ct. 108, 75 L. Ed. 315, 72 A. L. R. 1096.

Affirmed.

DISSENTING OPINION.

**Anderson, J.**, delivered a dissenting opinion.

The levee district is fundamentally a special improvement district—not a governmental agency.

In my opinion, the tax laid against the railroad company is unreasonably discriminatory and therefore falls within the condemnation of the equal protection clause of the Federal Constitution. Gast Realty & Investment Co. v. Schneider. Granite Company, 240 U. S. 55, 36 S. Ct. 254, 60 L. Ed. 523; Kansas City Southern R. Co. v. Road Improvment District, 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151; Thomas v. Kansas City R. Co., 261 U. S. 481, 67 L. Ed. 758, 43 S. Ct. 440; Road Improvement District v. Missouri Pac. R. Co., 274 U. S. 188, 47 S. Ct. 563, 71 L. Ed. 992.

The tax against the railroad company is also an arbitrary abuse of power and falls within the condemnation of the due process clause of the Federal Constitution. Houck v. Little River Drainage District, 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266; Valley Farms Co. v. Westchester County, 261 U. S. 155, 43 S. Ct. 261, 67 L. Ed. 585; Memphis & Charleston R. Co. v. Pace, 282 U. S. 241, 51 S. Ct. 108, 75 L. Ed. 315, 72 A. L. R. 1096.

**McGehee** and **Griffith, JJ.**, also dissent.