**NORTH–SOUTH FREIGHTWAYS, Inc., v. UNITED STATES et al.**

District Court, S. D. New York.

Feb. 29, 1944.

Harris J. Klein, of New York City (William Biederman, of New York City, of counsel), for plaintiff.

Edward Dumbauld and Robert L. Pierce, Sp. Assts. to Atty. Gen., and Thurman Arnold, Asst. Atty. Gen., for the United States.

Allen Crenshaw, of Washington, D. C. (Daniel W. Knowlton, of Washington, D. C., of counsel), for Interstate Commerce Commission.

Before CHASE, Circuit Judge, and HULBERT and MANDELBAUM, District Judges.

CHASE, Circuit Judge.

This cause was heard by a court of three judges constituted in accordance with the statute, 38 Stat. 220, 28 U.S.C.A. § 47.

The plaintiff, a New Jersey corporation, seeks to enjoin the enforcement of, and to set aside an order of, the Interstate Commerce Commission which (1) denied in part and granted in part its application for authority to operate as a motor carrier in interstate commerce under the so-called "grandfather" provisions of § 206(a) of the Motor Carrier Act of 1935, 49 Stat. 551, 49 U.S.C.A. § 306(a), and (2) denied in part and granted in part two applications which it made for authority to operate as a motor carrier of general commodities in interstate commerce based upon the present or future public convenience and necessity provisions of § 207(a) of the same statute, 49 U.S.C.A. § 307(a). 33 M.C.C. 174. It has now withdrawn its prayer for relief from an order dated August 11, 1942, denying its application for temporary authority so to operate under § 210a of the statute. 52 Stat. 1238, 49 U.S.C.A. § 310a.

The applications were consolidated and hearings were conducted before a trial examiner, who filed a report and recommended an order to which no exceptions were filed. It accordingly became effective on October 10, 1939. An application by the plaintiff to reopen because exceptions which the plaintiff sought to file had been missent was granted on January 8, 1940. Further hearings were held by the examiner, who submitted his report and recommended an order, which was entered on March 27, 1942, by Division 5 of the Commission. Plaintiff's application for reconsideration was denied by the Commission in general session by its order of July 31, 1942.

The jurisdiction of the court is clear and undisputed and all objections as to venue have been waived by the defendants. That the sections of the statute here involved are constitutional is also clear and unquestioned. Compare, Stanley v. Public Utilities Commission, 295 U.S. 76, 55 S.Ct. 628, 79 L.Ed. 1311.

The plaintiff, as the successor in interest of the Hamilton Storage Company, Inc., claims to be entitled under the "grandfather" provisions of the statute to a certificate as of right to transport general commodities over irregular routes between points in the states of Connecticut, New York, New Jersey, and Pennsylvania and points in the state of Mississippi and to transport household goods between points in New Jersey and points in eleven other states. Authority was granted only as to such transportation of household goods, for the Commission found that no more extensive bona fide operation was carried on at or before the critical date.

The rule that if the findings of the Commission are supported by substantial evidence they must be given effect, is so well settled that it is now to be taken for granted. This plaintiff failed to prove, so far as the record before us shows, that on or before June 1, 1935, it was engaged in any "bona fide," i.e. substantial, interstate operations, other than as found by the Commission in respect to the carriage of household goods. It could not, therefore, be entitled as a matter of right under § 206(a) to a grant of authority to continue any operations of a different character which may have become "bona fide" only after that date. United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971.

698

The plaintiff insists, however, that it was not given a fair and adequate opportunity to prove that its operations other than in the carriage of household goods were substantial before June 1, 1935. We cannot agree. At various hearings it had an ample opportunity to present whatever pertinent evidence it desired. The plain fact is that it did offer all that it then saw fit. If it refrained from making more or better proof because of the expense and difficulty in obtaining it or because it became conscious of a need to put in more only after the hearings were at long length finally closed and it was faced with an adverse decision, it has no just grievance. It has made no showing of newly discovered evidence, and the refusal of the Commission to grant the rehearing requested was plainly no abuse of discretion and should not be disturbed.

The two applications for authority under § 207(a) to transport general commodities in interstate commerce between points named resulted in an order granting authority to transport a more limited kind of goods within a more limited area. The Commission in its order of March 27, 1942, granted the plaintiff authority only to transport finished and unfinished textiles, machinery and supplies between the City of New York, Allentown, Pa., Paterson, Newark and Elizabeth, N.J., on the one hand and Picayune, Natchez, Crystal Springs, Okolona, and McComb, Miss., on the other. Here, too, the facts as found by the Commission are to be given effect for the reason already stated. In the light of those facts it was for the Commission under the statute to decide what sort of authority the public necessity and convenience required should be granted the plaintiff to transport goods in interstate commerce. Cf. Chesapeake & Ohio Ry. Co. v. United States, 283 U.S. 35, 51 S.Ct. 337, 75 L.Ed. 824.

It is also contended that the Commission denied the application for a "grandfather" certificate relying to a great extent upon the cessation by the Hamilton Storage Co. Inc., of the carriage of general commodities for about three weeks early in 1938, though under its previous decisions the Commission has indicated that short interruptions in service are to be disregarded. As this suspension was due to the fact that the Hamilton Storage Co., Inc., was in receivership at the time, this could hardly be treated as a voluntary abandonment of an established transportation service, and the Commission did not so treat it, as is clearly shown by the fact that it granted a certificate covering household goods whose carriage had been so interrupted.

The plaintiff misconceives the basis of the Commission's action. It did not prove, as it was bound to, an established business in carriage of general commodities before June 1, 1935, and it is for this reason that the "grandfather" certificate authorized was restricted in scope to household goods. Even if the plaintiff could show if given opportunity that it engaged in the transportation of general commodities in substantial quantities after June 1, 1935, that could not change the result. Such evidence would be competent for the purpose of showing a continuance of a particular kind of transportation service engaged in before that date, so as to negative an inference of abandonment with the consequent loss of "grandfather" rights; but in the absence of adequate evidence of such earlier carriage of general commodities, it would not be relevant to any proper inquiry upon an application for a "grandfather" certificate. It is not for an interruption in the carriage of general commodities that the certificate was denied as to them, but for failure of proof that on June 1, 1935, the plaintiff was engaged in rendering this type of service.

Even if we were disposed to disagree with the result reached by the Commission, we cannot substitute our own judgment for that of an administrative agency especially constituted, empowered and competent to decide such issues. Gray v. Powell, 314 U.S. 402, 411, 412, 62 S.Ct. 326, 86 L.Ed. 301; United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 490, 62 S.Ct. 722, 86 L.Ed. 971.

Since the findings are to be given effect and since the order follows them and is within the statutory authority of the Commission, there is no merit in the complaint.

Findings of fact and conclusions of law are filed herewith.

Complaint dismissed.