STATE OF MAINE

vs.

CHARLES W. STARKEY.

Aroostook.    Opinion May 8, 1914.

*Complaint.  Constitution of Maine, Art. IV, part 3d, section I.  Contagious and Infectious Diseases.  Ordinance.  Police Power.  Reasonable Regulation. Revised Statutes, chapter 4, section 93.*

1.  The Constitution of Maine confers upon the Legislature power to make and establish all reasonable laws and regulations for the defense and benefit of the people of the State.

2.  The Legislature, R. S., Chap. 4, has provided that towns, cities and village corporations may make and enforce ordinances respecting infectious diseases and health.

3.  Individual convenience and profit must be enjoyed in proper subjection to and observance of the laws affecting the public health, which is at the foundation of the public good.

4.  The right to pass inspection laws belongs to the police power of the government, and laws to prevent fraud, imposition and extortion in quality and quantity in sales and the power to provide for them has been uniformly recognized as the subject of delegation to municipal corporations.

5.  A municipality has power to enact reasonable ordinances only, and that the court will annul ordinances which are unreasonable, illegal, or repugnant to law, is a doctrine uniformly sustained.

On report.  Judgment below affirmed.

This is a complaint by A. B. Smart against Charles W. Starkey for a violation of an ordinance of the town of Houlton, in the county of Aroostook.  The defendant was arrested on the 21st day of December, 1912, upon said complaint, and a hearing was had before the Judge of the Houlton Municipal Court on said date.  The respondent on being arraigned pleaded that he was not guilty.  The Judge of said Court adjudged him guilty and sentenced him to pay a fine of ten dollars and costs, from which sentence he appealed to the Supreme Judicial Court for said County.

At the April Term, of said Court, 1913, the case was reported to the Law Court for determination.

The case is stated in the opinion.

. *Perley C. Brown,* County Attorney, for the State.

*Shaw, Burleigh & Shaw,* for respondent.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J. This is a complaint for a violation of an ordinance of the town of Houlton, and comes before the court on report.

The material parts of the record are as follows:

On September 29th, 1912, the Board of Health of the Town of Houlton adopted the following rule or regulation:

"Carcasses of neat cattle, sheep or swine wherever slaughtered shall not be sold or offered for sale in the town of Houlton unless they have been inspected at the time of slaughter by an official inspector and bear the stamp of approval of said inspector in like manner as those inspected by the United States Bureau of Animal Industry for Interstate trade."

"On the 21st day of December, 1912, the respondent by virtue of complaint made by A. B. Smart was arrested for violation of this ordinance, and a hearing was held before the Judge of the Houlton Municipal Court on said date. Upon hearing the respondent pleaded not guilty, was adjudged guilty by said Court, and was sentenced to pay a fine of ten dollars and costs, from which sentence he appealed to the Supreme Judicial Court, and the appeal was properly pending in the April Term, 1913."

"It is admitted that this rule was promulgated in accordance with the provisions of the statute."

"This case is reported to the Law Court for determination of the questions, whether the rule or regulation above promulgated, is reasonable, and constitutional." If the decision is for the State, judgment of the lower court is to be affirmed."

The respondent contends that the "ordinance is unreasonable and illegal, because it is against ancient custom, is indefinite and does not provide for the payment of the inspection called for in the same, that it interferes with the rights of private property and the freedom of the people to trade with one another."

The attorney for the State contends that it is a proper exercise of the police power of the State as delegated by the statute.

The Constitution of the State, Art. IV, part 3rd, Sec. 1, provides that the legislature shall have full power to make and establish all reasonable laws and regulations for the defense and benefit of the people of the State.

The legislature, in R. S., Chap. 4, Sec. 93, clause 3, has provided that towns, cities and village corporations may make and enforce ordinances, "respecting infectious diseases and health."

Salutary laws relating to contagious diseases, and the enforcement of proper restraints in relation thereto, have been passed from time to time, the wisdom of which cannot be questioned. In such cases, as in the case at bar, individual convenience and profit must be enjoyed in proper subjection to and observance of the laws affecting the public health, which is at the foundation of the public good. These laws affect the commonwealth, are of the highest importance, and the necessity for additional safeguards has increased with increasing population and the many new agencies and methods of distributing meats and other articles of food to the consumer. The subject has engaged the attention of all legislative bodies, State and national, and the end sought justifies a continual active interest in this essential element of the public good.

The right to pass inspection laws belongs to the police power of the government. Cooley's Const. Lim. (1st ed.) 584-5. Inspections are necessary incidents to the execution of quarantine and health laws, and laws to prevent fraud, imposition and extortion in quality and quantity in sales, and the power to provide for them has been uniformly recognized as the subject of delegation to municipal corporations. Ibid. Sedgwick on Stat. and Const. Law, 463; 22 Cyc., 1364; 19 Cyc., 1090.

A statute providing for inspection of kerosene and other oils, to prohibit the sale of such as ignite below a certain degree of heat, is a plain and reasonable exercise of the police power of the State. *Patterson* v. *Kentucky*, 97 U. S., 501. So would be any law, providing for the inspection of fresh meat, and other provisions, in order that the public welfare may be protected from danger, arising from the consumption of unwholesome food. Tiedman Lim. of Police Power, Sec. 89.

It is true, as contended by the respondent, that all by-laws made in restraint of trade, or which tend to create a monopoly, are void, but a city or town, by reasonable general provisions, by ordinance, may regulate and restrain all noxious and injurious callings within its limits, and that they may prevent animals from being slaughtered in designated localities within the city, and may designate a particular quarter of the city or town within which the business may be conducted, and prohibit it in others, and regulate and restrain them so as to prevent their becoming offensive or injurious; but in doing so all persons should be free to engage in the business within those localities by conforming to the municipal regulations. *Chicago* v. *Rumpff,* 45 Ill., 90.

A municipality has power to enact reasonable ordinances only, and that the court will annul ordinances which are unreasonable, illegal or repugnant to law is a doctrine uniformly sustained. *Jones* v. *Sanford,* 66 Maine, 585; *State* v. *Robb,* 100 Maine, 180. And any regulation, whatsoever its character, which is instituted for the purpose of preventing injury to the public, and which does tend to furnish the desired protection, is clearly constitutional. Tiedman's Limitation of Police Power, Sec. 89; *Lake View* v. *Rose Hill Cemetery Co.,* 70 Ill., 191; Cooley's Const. Lim., Sec. 200.

That the expense of inspection is not provided for is raised as an objection to the validity of the ordinance, and *People* v. *Harper,* 91 Ill., 357, is cited as sustaining the objection, but that case expressly holds that the officers in respect to whom the Constitution speaks of fees and salaries fixed by law, are only those specifically named in that instrument, and do not embrace officers appointed under the inspection laws of the State.

That no fee is required or provided for is in favor of the respondent. So long as an inspection fee is not so much in excess of what appears to be reasonably required for inspection as to make it appear to be an act designed for revenue instead of regulation, it presents no legal question. 22 Cyc., 1365, Note 7.

Statutes in relation to inspection of articles intended for sale as food have been enacted as occasion required since the formation of our government. Laws requiring inspection of flour, beef, pork, butter, lard and fish are of this class. The obvious purpose of the ordinance under consideration was to prevent the sale and use of meats unfit for consumption, and to protect the people against

deception. Such provision is not only within the legislative right, but is an imperative legislative duty.

The police power of the State is co-extensive with self-protection, and is not inaptly termed "the law of overruling necessity." It is that inherent and plenary power in the State which enables it to prohibit all things hurtful to the comfort, safety and welfare of society. *Lake View* v. *Rose Hill Cemetery,* 70 Ill., 191, supra; *Commonwealth* v. *Wheeler,* 205 Mass., 384; *Pittsburg & Southern Coal Co.* v. *Louisiana,* 156 U. S., 590, 599.

The regulation of the place and manner of conducting the slaughtering of animals, and the business of butchering within a city, and the inspection of animals to be killed for meat, and of the meat afterwards, are among the most necessary and frequent exercises of this power. *Slaughter-House Cases,* 16 Wallace, 36.

It is the opinion of the court that the ordinance is a valid police regulation, and the entry must be,

*Judgment affirmed.*