## STATE OF MAINE

### *vs.*

## FRANCES A. VANNAH, alias FRANK VANNAH.

## Kennebec.    Opinion October 10, 1914.

*Change of Venue.    Ex Post Facto Law.    Exceptions.    Indictment.    Jurisdiction.*
*Murder.    Retroactive.    Legislation.*

1.   Section 4 of Public Laws of 1913, Chap. 220, plainly relate to procedure and remedy, and having for its obvious purpose the conduct and disposition of a pending case, is constitutional, and wholly within the legislative power and control, and is not, as to this case, an ex post facto law, or retroactive in its nature or tendency.

2.   The right to a change of venue is not a common law right.   It is created and regulated by Statute, and is also a matter of procedure authorized by the Legislature under its sole and plenary power to determine what course shall be pursued in the administration of justice, as well as in all other matters concerning the public good.

3.   The right to have a jury selected from another county, or district, is not one of the rights within the words and intent of the Constitution prohibiting the passage of ex post facto laws, under Art. I, Secs. 9 and 10.

4.   It is well settled that a mere change in the constitution of the trial court, which leaves unchanged all the substantial protections which the law in force at the time of the commission of the alleged offense threw about the accused, is not ex post facto.

5.   So far as mere modes of procedure are concerned, a party has no more right in a criminal than in a civil action to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place.

6.   The Legislature may abolish courts and create new ones, and it may prescribe altogether different modes of procedure in its discretion, though it cannot lawfully dispense with any substantial protection with which the existing law surrounds the person accused of crime.

On exceptions by respondent.   Exceptions overruled.

This is an indictment for murder, found by the Superior Court for the County of Kennebec at the April term, 1913, of said Court. The respondent was tried and convicted at the January term of said Court, of murder.   The respondent filed four motions at said January term, all of which were overruled by the presiding Judge of said Court, and the respondent excepted to the order overruling said motions.

The case is stated in the opinion.

*Scott Wilson,* Attorney General and *W. H. Fisher,* County Attorney, for the State.

*B. F. Maher* and *William H. Miller,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J.   This case is before the court on exceptions to the order of the Justice of the Superior Court for the County of Kennebec overruling four motions filed at the January term of that court, 1914.   The respondent was indicted for the murder of one Edward E. Hardy, at the April term of that court, 1913, and at the September term, on his own motion, was committed to the State Hospital for observation.   He was tried at the January term, 1914, and was found guilty of murder.

The motions in their order were   (1)   To continue to the Supreme Judicial Court.   (2)   To continue to a later term of the Superior Court, when a Justice of the S. J. Court may preside.   (3)   Refusing to plead.   (4)   In arrest of judgment.   The reasons stated in the several motions are the same.   The first motion is as follows:

"And now comes the respondent and moves:

First:   That the Superior Court is without jurisdiction of the offense alleged in the indictment.

Second:   And the respondent further moves that said Superior Court is without jurisdiction in offenses such as charged in the aforesaid indictment because the alleged offense was committed on the twentieth day of March, A. D. 1913, and said Act attempting to confer jurisdiction upon the aforesaid Court was passed on the

seventh day of April, A. D. 1913, and took effect July 1, 1913, and was accordingly in its attempt to reach the aforesaid case at bar retroactive legislation and ex post facto in its nature.

Third: And the respondent further moves that said Superior Court is without jurisdiction of the offense charged in this indictment because Chap. 220 of the Public Laws of 1913, wherein jurisdiction was sought to be conferred upon said Court in Sec. 4 of said Act by its terms would not apply to this particular case and was in effect the creation of a Court to try a particular case.

Fourth: And the respondent further moves that he was deprived of one of his constitutional rights to seek and obtain change of venue for cause sought, which cause he says exists because of the silence of the Act wherein jurisdiction for offenses such as is charged in this indictment is sought to be conferred upon said Superior Court.

Fifth: And the respondent further moves because by virtue of the statute in such case made and provided in offenses such as charged in this indictment one of the Justices of the Supreme-Judicial Court to be designated by the Chief Justice thereof shall preside, which designation has not been made and no such Justice presiding, this Court is without jurisdiction to proceed in the absence of such designation in conformity with the statute.

WHEREFORE, and because of the aforesaid reasons, now before the empanelling of a jury the respondent moves that the said cause be continued to the next term of the Supreme Judicial Court to be held within and for said County having jurisdiction of the offense alleged."

Counsel for the respondent argues, (1) That it has never been the policy of the State to allow a court of limited and inferior jurisdiction to determine the rights of a man charged with murder. (2) That the respondent was denied the constitutional right to a change of venue; that if such change were sought and ordered he would then receive only what the law insures, the right to a trial before a Justice of this court. (3) That he is entitled thereto because "the law of April 11, 1913, attempted to repeal Sec. 2, of Chap. 132, R. S., which gives the Supreme Court jurisdiction . . . . must relate back to the time of the shooting, namely, March 20, 1913;" that therefore the amendment in question was not in force on that day, and that as to his client, such amendment was entirely inoperative in

any event until after the expiration of ninety days from the date of its approval. (4) While supporting his exceptions as stated in the foregoing, counsel concludes his brief with this statement:

"We do not undertake to argue upon the unconstitutionality of the law on this question.

Our contention is not whether the law is ex post facto, but we claim that the attempt of the State to control the situation as it was March 20, 1913, was futile and under the ninety days provision of no force or effect. In other words, we say it was not an ex post facto law of which we complain, but 'no law' which could take effect until long after the shooting took place on that fateful day of March 20th near the reservation at Togus, Maine.

And concerning the fifth section of page 12 of the printed case wherein it is set forth that the respondent declined to plead in the Superior Court, while a ruling of the Superior Court may be open to exceptions, we think comment unnecessary and depend more fully upon the attempt of the prosecution to keep the case away from a Justice of the Supreme Judicial Court in the manner hereinbefore stated."

As to the first objection raised by the respondent's counsel, it is sufficient to say that when the Superior Court for Kennebec County was established in 1878, it had full jurisdiction in criminal cases. At the same session, the Act creating that court was amended as follows:

"Sec. 19. When any indictment is found for any of the offenses described in sections one and two of chapter 117 of the revised statutes, sections two, three, four, five, six, eight, nine, ten, eleven, twelve, thirteen, fifteen, twenty-five and twenty-seven of chapter 118 of the revised statutes, sections one, two and three of chapter 119 of the revised statutes, the clerk of said superior court shall certify and transmit the indictment to the supreme judicial court for said county, at the next term, when it shall be entered. The supreme judicial court shall have cognizance and jurisdiction thereof, and proceedings shall be had thereon in the same manner as if the indictment had been found in that court."

Full jurisdiction was restored in 1881, and so continued until 1891, when the provision relating to the trial of murder cases was again changed, providing that a Justice of the Supreme Judicial Court be designated to preside at such trials. In 1899, the provision requiring indictments to be certified to this court was restored, and remained

in force until 1913, when the section providing for certifying and transmitting indictments to this court was repealed, and Sec. 90, Chap. 79, R. S., was amended by Chap. 220, Sec. 2, and as amended reads as follows:

"Laws of 1913, Chap. 220, Sec. 2. The original and appellate jurisdiction in all criminal matters in said counties of Cumberland and Kennebec, and all powers incident thereto, originally exercised by the supreme judicial court, but heretofore conferred upon and exercised by said superior courts, are continued."

The following section was added, and the principal contention in this case arises thereunder:

"Sec. 4. Any indictment for murder returned by the grand jury in said superior court at the April term thereof in the year nineteen hundred and thirteen, shall be in order for trial at the next September term of said court, which shall have jurisdiction of all matters pertaining thereto."

It is urged in the motion that this provision "in its attempt to reach the case at bar is retroactive legislation and ex post facto in its nature." If the point raised related to the crime charged, or to the constitutional rights of the respondent thereunder, our conclusion would not be reached so easily, but the provision in question, directed as it plainly is to procedure, and relating entirely to the remedy, and having for its obvious purpose the conduct and disposition of a pending case, is constitutional, and wholly within the legislative power and control, and is not as to this case an ex post facto law, or retroactive in its nature or tendency. Cooley's Const. Lim., 6th ed., page 326; Bishop's Crim. Law, vol. 1, Secs. 279, 7, 280, 2, 3; *Com.* v. *Phelps,* 210 Mass., 78; *Calder* v. *Bull,* 3 Dallas (U. S.), 386, 390; *Thompson* v. *Missouri,* 171 U. S., 386.

The motions were made a part of the exceptions, and the brief made by other counsel, follows substantially the remaining points made in the motions. Both urge the right to a change of venue, and say that the right was denied. It does not appear that any reason existed why change of venue should be had, that a fair trial could not be had, or was not in fact had.

The right to a change of venue is not a common law right. It is created and regulated by statute, and is also a matter of procedure authorized by the legislature under its sole and plenary power to determine what course shall be pursued in the administration of

justice, as well as in all other matters concerning the public good. *Hopt* v. *Utah*, 110 U. S., 574; *Gibson* v. *Miss.*, 162 U. S., 589; *Thompson* v. *Utah*, 170 U. S., 351.

The right to have a jury selected from another county or district is not one of the rights within the words and intent of the constitution prohibiting the passage of ex post facto laws, under Art. 1, Secs. 9 and 10. Chase, J., in the leading case, *Calder* v. *Bull*, 3 Dall., 386, 390, stated the laws included thereunder as follows: "1st, every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action. (2) every law that aggravates a crime, or makes it greater than it was when committed. 3rd, Every law that alters the legal rules of evidence, and receives less or different testimony than the law required at the time of the commission of the offense, in order to convict the offender. All these and similar laws are manifestly unjust and oppressive" . . . . "but I do not consider any law ex post facto, within the prohibition that mollifies the rigor of the criminal law; but only those that create or aggravate the crime, or increase the punishment, or change the rules of evidence for the purpose of conviction."

Cooley's Const. Lim., 7th ed., 373-4.

It is well settled that a mere change in the constitution of the trial court which leaves unchanged all the substantial protections which the law in force at the time of the commission of the alleged offense threw about the accused, is not ex post facto. *Duncan* v. *Missouri*, 152 U. S., 377. Nor is a change in the place of trial. *Gut* v. *Minnesota*, 9 Wall., 35, quoted and affirmed in *Cook* v. *United States*, 138 U. S., 157.

Cooley's Const. Lim., 7th ed., 375, note.

The remaining objection is to the jurisdiction of the court, on the ground that the Act of April 11, 1913, did not become a law until ninety days after its passage, to wit, July 11, 1913, and that the crime having been committed on March 20, 1913, the statute which that law was intended to amend in part and repeal in part, was itself then in force, and urges that the respondent should have been tried thereunder, the Justice presiding to be a Justice of this court. We do not so hold. We think the reasons already given are sufficient to justify the ruling of the presiding Justice in this as well as in the other claims of the respondent's counsel, and we may add that the

practice is uniform, and it is well settled that "So far as mere modes of procedure are concerned, a party has no more right, in a criminal than in a civil action, to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place. Remedies must always be under the control of the legislature, and it would create endless confusion in legal proceedings if every case was to be conducted only in accordance with the rules of practice, and heard only by the courts in existence when its facts arose. The legislature may abolish courts and create new ones, and it may prescribe altogether different modes of procedure in its discretion, though it cannot lawfully, we think, in so doing, dispense with any of those substantial protections with which the existing law surrounds the person accused of crime." Cooley's Const. Lim., 7th ed., 381, and cases cited; *Com.* v. *Phillips*, 11 Pick., 32.

The fact that the crime was committed before the passage of the Act in question, and that ninety days must elapse before such act has the force of law, does not avail the respondent. He had violated the law. There is no pretense that the law so violated had been changed. The only change effected was in the manner in which he should be tried for that offense against the law. That change was made by the law making power whose will is paramount, and whose right to shape the policy of the State is not to be questioned by the court, nor is the administration thereof to be dictated by the offender. He has no vested right in the matter of procedure—Cooley's Const. Lim., 7th ed., page 381; Cyc. vol. 8, 1031. The rules and orders provided for the conduct of courts, officials, and community generally, are to be observed by all alike as the law, unless they interfere with some substantial right guaranteed by the fundamental law.

A careful examination of the questions involved convinces the court that the respondent was not deprived of the full protection to which he was entitled under existing law.

The entry must therefore be,

*Exceptions overruled.*