IN RE JOHN M. STANLEY, EXCEPTANT

(Public Utilities Commission).

Kennebec.　　Opinion, July 27, 1934.

*Charles F. King,* for petitioner.
*Clyde R. Chapman,* Attorney-General for Respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, J.   The Public Utilities Commission, on the application of John M. Stanley, granted a certificate of convenience and necessity, authorizing him to operate motor vehicles on public ways, to and. fro, between Portland and Lewiston, over a route wholly within the State, and not part of any continuous transit to and from another State, in the common carriage of goods for compensation or hire (i.e., as a business). A certificate for the purpose of operating between Lewiston and Haines Landing was denied.

The Commission determined, after notice and hearing, that on March 1, 1932, and since, to the time of the effectiveness of the Act

of 1933, of later citation, the applicant had, on the Portland-Lewiston division, rendered adequate and responsible intrastate common carrier service, over a regular route, without undue interruption. He was, therefore, of statutory right, entitled to a certificate securing him the privilege of so continuing. 1933 Laws, Chap. 259, Sec. 2.

It was found, as a fact, that the applicant did not begin service beyond Lewiston, as a carrier for all people indifferently, until after the first day of March, 1932. This branch of the case, then, was for consideration on the ground, respecting which only the applicant himself testified, of a need on the part of the public for the new utility. Against the showing by the applicant was evidence of opposite tendency.

The Commission held, and rightly, that the convenience and necessity, proof of which the statute requires, is the convenience and necessity of the public, as distinguished from that of any individual, or group of individuals.

The finding upon the facts, that present utility facilities afforded convenient service, and that the advantage sought was unnecessary in the public interest, was justified.

Exceptions challenge the constitutional validity of the second section of the before-cited statute.

It is claimed that this section contravenes those clauses of the tenth section of the first article of the Constitution of the United States, which prohibits the States passing ex post facto laws or laws impairing the obligation of contracts. It is contended also that the section encroaches upon the specific recital of the Declaration of Rights in the Constitution of Maine, that the Legislature shall pass no such laws. Maine Constitution, Article 1, Section 11.

The scope of the Federal and State provisions has often been the subject of judicial construction. Enough, at this time, to say, in answer to the first contention, that nothing in the record goes to show that the statute affects existing contracts. Concerning the claim that the law is ex post facto, the decisions of the courts are hostile to the position counsel assumes.

A law is ex post facto (after the deed or fact,) when (1) it makes a criminal offense of what was innocent when done; or (2) it aggravates a crime, making it greater than it was when com-

mitted; or (3) it inflicts a punishment more severe than was prescribed at the time the crime was perpetrated; or (4) it alters the rules of evidence to the injury of the accused; or (5) it, in effect if not in purpose, deprives him of some protection to which he has become entitled. The expression relates solely to crimes and their punishment, and has no application to civil matters. *Calder* v. *Bull*, 3 Dall., 386, 1 Law ed., 648; *Cummings* v. *Missouri*, 4 Wall., 277, 18 Law ed., 356; *Kring* v. *Missouri*, 107 U. S., 221, 27 Law ed., 506; *Orr* v. *Gilman*, 183 U. S., 278, 46 Law ed., 196; *State* v. *Tyree*, (Kan.) 78 P., 525; *Murphy* v. *Commonwealth*, 172 Mass., 264, 268, 52 N. E., 505; *State* v. *Vannah*, 112 Me., 248, 91 A., 985.

The point of the next objection to validity seems to be that the section abridges privileges and immunities of the exceptant, deprives him of property, without due process of law, and denies him equal protection of the laws, in violation of the Fourteenth Amendment to the Federal Constitution, and of the last clause of Section 6 of the Maine Declaration of Rights. The latter provides, in short, that deprivation of property shall not be otherwise than by the law of the land.

In the Fifth Amendment to the United States Constitution, the nation is forbidden, among other things, to divest anyone of property, without due process of law. This amendment refers only to powers exercised by the Federal government, and not to those employed by the State. *Barron* v. *Baltimore*, 7 Pet., 243, 8 Law ed., 672; *Eilenbecker* v. *District Court*, 134 U. S., 31, 33 Law ed., 801; *Twitchell* v. *Pennsylvania*, 7 Wall., 321, 19 Law ed., 223; *In re Spies*, 123 U. S., 131, 31 Law ed., 80.

In the Fourteenth Amendment a like command is issued by the people to the State; it also charges that no State shall deny to any person within its jurisdiction, the equal protection of the laws. The amendment erects an additional safeguard for the rights of the individual, and the protection of his property. The liberty thus assured is "to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men." *Meyer* v. *Nebraska*, 262 U. S., 390, 67 Law ed., 1042.

Since the National Constitution, and the laws made in pursuance thereof, are the supreme law of the land (*National Prohibition Cases*, 253 U. S., 350, 64 Law ed., 946), no local or State act,

either of the legislature or the people, may curtail the security which Federal guaranty unites to such as society already had.

The terms "due process of law" and "law of the land" as constitutional terms, are of equivalent import, and interchangeable. *Davidson* v. *New Orleans*, 96 U. S., 97, 24 Law ed., 616; *Murray's Lessee* v. *Hoboken Land etc., Co.*, 18 How., 272, 15 Law ed., 372; *State* v. *Knight*, 43 Me., 11, 122; *Eames* v. *Savage*, 77 Me., 212. Due process of law is another name for governmental fair play. Notice and opportunity for hearing are of the essence of due process of law. *Randall* v. *Patch*, 118 Me., 303, 108 A., 97.

The exceptant had no vested right to use the highways and other roads to carry freight for hire. The streets belong to the public, and are primarily for use in the ordinary way. No one has any inherent right to use such thoroughfares as a place of business. *Packard* v. *Banton*, 264 U. S., 140, 68 Law ed., 596; *Chicago Motor Coach Co.* v. *Chicago*, (Ill.) 169 N. E., 22; *Davis* v. *Massachusetts*, 167 U. S., 43, 42 Law ed., 71. Their utilization for the transportation of internal commerce for gain, is not common to all, but springs from sovereignty. Even official license so to use the ways has been held neither property nor franchise. *Schoenfeld* v. *Seattle*, 265 F., 726; *Public Service Commission* v. *Booth*, 156 N. Y. S., 140; *Burgess* v. *Brockton*, 235 Mass., 95, 126 N. E., 456.

The statute is next assailed as discriminatory, and not uniform, to the degree of being unduly arbitrary, unreasonable, and unjustly interfering with exceptant's right to follow his chosen pursuit. It may be borne in mind that he was not seeking to conduct a lawful employment on his own premises, but the special and extraordinary use of the roads for the purpose of private gain, without the consent of the State.

The statute fixes a time limit after which motor vehicular intrastate carriers may not operate, without first having procured, from the Public Utilities Commission, an authorizing certificate. No discrimination is made for or against anyone as an individual, or as one of a class of individuals, but only against his locality, or occupation, as determined by rule or principle. *State* v. *Mitchell*, 97 Me., 66, 53 A., 887. Proof, to the Commission, of satisfactory operation of a route, on, and continually subsequent to, March 1, 1932, for the requisite period of time, would be evidence establish-

ing that there should be issuance of a certificate. Such evidentiary showing would bring the case of an applicant within the law. The statute confers nothing upon utilities already in the field. For the most, they are only permitted, upon proving identity and serviceableness, to remain as they are. Any applicant desirous of entering, must, in fairness and justice, establish not alone his ability to perform public utility service, but that public convenience and necessity demand that which he is proposing to furnish.

The statute was doubtless enacted in the interest of existing operators, on the theory that a sound public policy dictates that, for devoting their property to use which concerns the body politic, these should be encouraged, and the entry, in competition, of service carriers unnecessary to public convenience, discouraged. Moreover, the regulatory statute was enacted to preserve the ways, to obviate menace to present traffic, and further the safety of travelers generally. The act applies alike, on all persons, under conditions named, in substantially similar circumstances. *Missouri Pacific Railway Company* v. *Mackey*, 127 U. S., 205, 32 Law ed., 107.

The legislation was under what, for lack of a better name, is called the police power of the State. That power is inherent and plenary; its proper exercise is the highest attribute of State government. *Boston & Maine R. R. Co.* v. *County Commissioners*, 79 Me., 386, 10 A., 113; *State* v. *Starkey*, 112 Me., 8, 90 A., 431. The reasonableness of police regulation is not necessarily what is best, but what is fairly appropriate under attendant circumstances. *Sligh* v. *Kirkwood*, 237 U. S., 52, 59 Law ed., 835; *Dirken* v. *Great Northern Paper Company*, 110 Me., 374, 86 A., 320.

State police power is not affected by the Fourteenth Amendment to the Federal Constitution. *Slaughter-House Cases*, 16 Wall., 36, 21 Law ed., 394; *Minor* v. *Happersett*, 21 Wall., 162, 22 Law ed., 627; *United States* v. *Cruikshank*, 92 U. S., 542, 23 Law ed., 588; *State* v. *Phillips*, 107 Me., 249, 78 A., 283.

Police power is, in broadest acceptation, power to promote the public welfare, though at the expense of private rights. A good definition is that given in the case of *New Orleans Gas Light Co.* v. *Hart*, (La.) 8 A. S. R., 544, where it is said that police power is "the right of a state, or of a state functionary, to prescribe regu-

lations for the good order, peace, protection, comfort, and convenience of the community, which do not encroach on the like power vested in Congress by the federal constitution." In *Stone* v. *Mississippi*, 101 U. S., 814, 25 Law ed., 1079, Waite, C. J., says: "It is always easier to determine when a particular case comes within the general scope of the power, than to give an abstract definition of the power itself which will be in all respects accurate." The court of Maine has said: "All laws, for the protection of the lives, limbs, health, and quiet of persons, and the security of all property within the State, fall within the general power of the government." *State* v. *Noyes*, 47 Me., 212. See, also, *Boston & Maine R. R. Co.* v. *County Commissioners*, supra; *Lawton* v. *Steele*, 152 U. S. 133, 38 Law ed., 385; *People* v. *King*, 110 N. Y., 418, 423, 18 N. E., 245; *Commonwealth* v. *Alger*, 7 Cush., 53, 85; *Thorpe* v. *Rutland, etc., R. Co.*, 27 Vt., 146, 149.

There are, indeed, restrictions upon the police power. These are to be found in the limitations upon legislative power. The constitutional provisions which confine the Federal government to that authority expressly delegated to it, and the State and Federal Constitutions, which exclude the State legislatures from the invasion of private rights, impose restraints upon the exercise of the police power. The Fourteenth Amendment does, as asserted in argument, orally and by brief, forbid unjust discrimination between persons, or fixed classes of persons, but not proper discrimination based on the requirement of the commonweal. *State* v. *Bohemier*, 96 Me., 257, 52 A. 643.

In the exercise of the police power, there may be limitations and conditions, and consequent difference between them to whom privilege is granted and refused, provided these are based on some reasonable classification in an existing situation for the public good. *People's Transit Co.* v. *Henshaw*, 20 F. (2d), 87; *Gruber* v. *Commonwealth*, (Va) 125 S. E. 427, 429; *Slaughter-House Cases*, supra; *New Orleans Gas Light Co.* v. *Louisiana Light, etc., Co.*, 115 U. S., 650, 29 Law ed., 516; *New Orleans, etc., Co.* v. *Rivers*, 115 U. S., 674, 29 Law ed., 525.

The distinction made by the legislation among carriers operating on and after a given date, those afterward beginning and those wishing to begin, as to registration and license, is not clearly arbi-

trary; it is based upon variance bearing actual relation to the public purpose sought to be accomplished. With the expediency, wisdom and justice of the statute, this court is not concerned. *State* v. *Mayo,* 106 Me., 62, 75 A., 295. "While such regulations are subject to judicial scrutiny upon fundamental grounds, yet a considerable latitude of discretion must be accorded to the law-making power." *Reinman* v. *Little Rock,* 237 U. S., 171, 59 Law ed., 900; *Standard Oil Co.* v. *Marysville,* 279 U. S., 582, 73 Law ed., 856. To invalidate a statute, unconstitutionality must· be shown beyond a reasonable doubt. *Legal Tender Cases,* 12 Wall., 457, 20 Law ed., 287; *State* v. *Poulin,* 105 Me., 224, 74 A., 119; *Laughlin* v. *Portland,* 111 Me., 486, 90 A., 318; *State* v. *Webber,* 125 Me., 319, 321, 133 A., 738.

Statutes analogous in wording have been held valid. *Williams* v. *People,* (Ill.) 11 N. E., 881; *People* v. *Evans,* (Ill.) 93 N. E., 388; *People* v. *Logan,* (Ill.) 119 N. E., 913; *Criswell* v. *State,* (Md.) 94 A., 549; *State* v. *Zeno,* (Minn.) 81 N. W., 748; *Spector* v. *Building Inspector,* 250 Mass., 63, 145; *Gorieb* v. *Fox,* 274 U. S., 603, 71 Law ed., 1228; *State* v. *Bohemier,* supra. The cases of *Euclid* v. *Ambler Realty Co.,* 272 U. S., 365, 71 Law ed., 303, and that of *York Harbor Village Corporation* v. *Libby,* 126 Me., 537, 140 A., 382, are likewise of interest.

The statutory provision under consideration does not transcend any constitutional provision. *Gruber* v. *Commonwealth,* supra; *Capitol Taxicab Co.* v. *Cermak,* 60 F. (2d), 608; *State* v. *Latham,* 115 Me., 176, 178, 98 A., 578.

*Exceptions overruled.*