KENNETH HUDSON, INC.,
D/B/A HUDSON BUS LINES
*vs.*
ERNEST H. JOHNSON
STATE TAX ASSESSOR

HUDSON BUS LINES, INC.
*vs.*
ERNEST H. JOHNSON
STATE TAX ASSESSOR

Kennebec.   Opinion, April 12, 1963.

*Frank E. Southard,* for the Appellants.

*Ralph W. Farris, Asst. Atty. Gen.,*
*John Benoit, Asst. Atty. Gen.,* for the State.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., sat at argument, but retired before rendition of decision.

SIDDALL, J. On appeal. These cases involve identical issues of law and were argued together. Both Appellants are corporations engaged in local passenger bus business in Maine. On November 7, 1960, the Appellee made an assessment of sales and use tax, interest, and penalty against the Appellant, Kenneth Hudson, Inc. and gave notice to it in the following form:

STATE OF MAINE          BUREAU OF TAXATION

State House, Augusta, Maine

ASSESSMENT OF SALES AND USE TAX, INTEREST AND PENALTIES

To:

Kenneth Hudson, Inc.
d/b/a Hudson Bus Lines
Attn: Kenneth Hudson, Pres.
70 Union Street
Medford, Massachusetts

Reg. No. 50907

Date November 7, 1960

Pursuant to (Sec. 19) of the Maine Sales and Use Tax Law, I hereby assess against you, tax, interest, and penalties in the following amounts for the period February 1, 1959 to September 30, 1960.

| Sales Tax | Use Tax | Interest | Penalties | Total |
|---|---|---|---|---|
| $- - - | $2188.00 | $182.98 | $10.00 | $2380.98 |

This assessment is in addition to any sales tax, use tax, interest and penalties already paid with respect to the above period. Demand is hereby made upon you for immediate payment of the above stated amount.

If you desire the Assessor to reconsider this assessment, your written petition must be made within 15 days from the date of receipt hereof.

A similar assessment was made against the Appellant, Hudson Bus Lines, Inc. covering the period from October 1, 1958, to September 31, 1960, and the total assessment with interest and penalties amounted to $2081.10. Following an oral reconsideration hearing the Appellee found the assessment of tax, interest and penalty in each case was correct. The Appellants then appealed to the Superior Court, and after hearing without a jury the presiding justice found for the Appellee in each case and dismissed the appeals.

The only issue before us is the sufficiency of the assessment notice. The Appellants claim that the assessment in each case is insufficient and void because it fails to include information in regard to the basis of the assessment.

Every person subject to a use tax is required to file a report with the tax assessor. R. S., 1954, Chap. 17, Sec. 14.

> "If any person shall fail to make a report as required, the tax assessor may make an estimate of the taxable liability of such person from any information he may obtain, and according to such estimate so made by him, assess the taxes, interest and penalties due the state from such person, give notice of such assessment to the person and make demand upon him for payment, but no such assessment can be made after 6 years." R. S., 1954, Chap. 17, Sec. 19, as amended.

> "After a report is filed under the provisions of this chapter, the assessor shall cause the same to be examined, and may make such further audits or investigations as he may deem necessary and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this chapter, he shall assess the taxes and interest due the state, give notice of such assessment to the person liable, and make demand upon him for payment but no such assessment can be made after 2 years." R. S., 1954, Chap. 17, Sec. 20 as amended.

R. S., Chap. 17, Sec. 32 provides that any person against whom an assessment has been made may petition the state tax assessor for a reconsideration of the assessment within 15 days after notice of the assessment shall have been given. The amount of the assessment becomes final if no petition for reconsideration is filed within the time limit. If a petition is filed and a request for a hearing is made, the assessor shall grant the petitioner an oral hearing and shall give him 10 days' notice of the time and place thereof. The assessment upon reconsideration becomes final at the expiration of 30 days if no appeal is taken therefrom. R. S., 1954, Chap. 17, Sec. 33 as amended provides for an appeal to the Superior Court within 30 days after notice of decision upon reconsideration.

There appears to be a disagreement between counsel in respect to whether the assessment notices were given under Sec. 19 or Sec. 20. However, in the absence of a claim that the assessment covered a period not authorized by statute, we do not consider it material to the issues in these cases to determine whether the assessment was an arbitrary assessment or a deficiency assessment. The same requirements in regard to sufficiency are present under either section.

> " 'Notice and opportunity for hearing are of the essence of due process of law.' *Randall v. Patch,* supra, 118 Me., on page 305, 108 A., on page 98; *Re: John M. Stanley,* supra, 133 Me., on page 95, 174 A., 93; *York Harbor Village Corporation v. Fred H. Libbey et al.,* 126 Me., 537, 539, 140 A., 382. The taking of property without notice and opportunity for hearing violates both the fourteenth Amendment and Section 6 of Article I of the Constitution of Maine, unless the taking constitutes a valid exercise of the police power." *Jordan v. Gaines,* 136 Me. 291, 294, 295.

> "It is not essential to due process of law that the taxpayer be given notice and hearing before the

value of his property is originally assessed, it it being sufficient if he is granted the right to be heard on the assessment before the valuation is finally determined." *McGregor* v. *Hogan,* 263 U. S. 234, 237.

"That rule is that a law authorizing the imposition of a tax or assessment upon property according to its value does not infringe that provision of the 14th Amendment to the Constitution which declares that no state shall deprive any person of property without due process of law, if the owner has an opportunity to question the validity or the amount of it either before that amount is determined or in subsequent proceedings for its collection." *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526, 537.

"Notice of every step in the tax proceedings is not necessary; the owner is not deprived of property without due process of law if he has an opportunity to question the validity or the amount of such tax or assessment, either before that amount is finally determined or in subsequent proceedings for its collection. 1 Cooley, Taxn. 3d ed. 60; *Palmer v. McMahon,* 133 U. S. 660, 33 L. ed. 772, 10 Sup. Ct. Rep. 324." *Maxwell* v. *Page,* 23 N. M. 356, 168 Pac. 492, 5 A. L. R. 155, 159.

"In matters of taxation, due process requires that after such notice as may be appropriate, the taxpayer has opportunity to be heard as to the validity of the tax and the amount thereof, but it does not demand opportunity for judicial review prior to the inauguration of efforts to collect a tax, or an opportunity for hearing upon each successive step in the tax proceedings. The due process requirement is satisfied if there is opportunity to question the validity or amount of a tax either before that amount is determined or in subsequent proceedings for its collection and enforcement. It is sufficient if the party assessed has a single opportunity to be heard before some impartial tribunal with respect to the validity and amount of the tax

before it is conclusively established against him, and his property subjected to the lien thereof, with opportunity to present evidence and arguments which he deems important. The owner, if he has notice and an opportunity to be heard either before or after the tax lien is fixed on his property, has due process of law." 51 Am. Jur., Sec. 732, p. 673, 674.

The proceedings in these cases are somewhat similar to those in income tax assessment cases. U. S. Code Annotated, Internal Revenue Code Section 6212 provides that if the Secretary determines that there is a deficiency in respect to any tax imposed by subtitles A or B (income and gift taxes) he is authorized to send notices of such deficiency to the taxpayer by registered mail. Section 6213 provides that within a designated time after the notice of deficiency is mailed, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. In the case of *Commissioner of Internal Revenue* v. *Stewart*, 186 F. (2nd) 239, 24 A. L. R. (2nd) 793, a 30 day letter was issued by the collector and addressed to the taxpayer on February 9, 1948. No schedules or other basis for imposing additional taxes were enclosed with that letter. On February 19 another letter was mailed in which was enclosed a report showing the basis for the deficiency. The taxpayer contended that the deficiency notice was invalid because it contained no information of how the collector arrived at the alleged deficiency. The court said:

"The taxpayer also contends that the deficiency notice was invalid because it contained no particulars or explanations of how the Collector arrived at the alleged deficiencies. No particular form of notice is required by Section 272 (a) of the Code. We are of the opinion that the notice in the present case was sufficient where it fairly advised the taxpayer that the Commission has determined a deficiency, gave the taxpayer the amounts thereof and the years involved, and the taxpayer was fully

advised, as shown by his petition filed with the Tax Court, of the reasons forming the basis for the Commissioner's action. *Commissioner v. Forest Glen Creamery Co.* supra, 7 Cir, 98 F2d 968, 971; *Olsen v. Helvering* supra, 2 Cir, 88 F2d 650, 651; *Ventura Consolidated Oil Fields v. Rogan* 9 Cir. 86 F2d 149, 153. In *Olsen v. Helvering,* supra, the Court said ' . . . the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough.' "

The Appellants call our attention to the case of *Viator* v. *State Tax Commissioner* (Miss.), 5 So. (2nd) 487. Additional sales tax assessments were made by the chairman of the State Tax Commission. In that case the court held that the additional assessment and the grounds for making it must be disclosed by the order made thereon. In that case the judicial review "was confined to the examination of questions of law or appearing on the face of the record and proceedings." Here, the powers of the Superior Court on appeal are not limited to the examination of questions of law, and the appellant is afforded an opportunity to present evidence and arguments which he considers important.

The appellants in these cases call our attention to the serious consequences arising from the failure to apply for a reconsideration and to appeal to the Superior Court. We are well aware of these consequences, but the taxpayer who fails to follow the statutory procedure must take the risk incident thereto.

The appellant in neither case claims that it was not advised of the basis for the assessment before the reconsideration hearing or before the appeal hearing. The sole contention is that the notice of assessment did not contain information of the basis for the tax. The taxpayers were given an opportunity for a full hearing on appeal to the Superior Court. In order to properly present evidence in that court to combat the assessments the taxpayer must

have been fully advised of the basis for the assessment. It is desirable that this information be given before the reconsideration hearing, and the decision of the presiding justice indicates this to be a fact. It is *necessary* that the taxpayer be advised of this basis before the beginning of the appeal period, in order that he may have the necessary information to properly set forth the issues in the case on appeal. We do not have the benefit of the evidence taken out before the presiding justice. The presiding justice noted in his decision in each case that audits were made of the appellant's books and a discussion was had with company officials and the appellee or a representative of his office. In respect to the reconsideration hearing, we quote from his decision in each case as follows: "There was a reconsideration of the entire audit at the request of the taxpayer which was granted, and pursuant to Section 32 of the Maine Sales and Use Tax the appellants and the Tax Assessor discussed the entire matter and the details thereof."

The reconsideration decision in each case appears to fully advise the appellant of the reason for the assessment, and to give it the necessary information to prepare its appeal. No claim is made to the contrary. The appeal to the Superior Court in each case indicates that the basis for the tax assessment was fully understood.

The statute does not require the State Tax Assessor, at the time of making an assessment, to give the taxpayer notice of the basis for that assessment. It is sufficient if the taxpayer is fully advised of such basis at the time the appeal period began to run. We are satisfied from the record in these cases that this was done. The constitutional requirement of due process was thereby satisfied. We do not determine the formality with which this information must be given in cases in which the circumstances differ from those disclosed in these cases.

The presiding justice properly ruled that the assessment in each case was valid.

The entry in each case will be

*Appeal denied.*